[No. 8360. Department Two. February 4, 1910.]

HAINES & SPENCER *et al.*, *Appellants*, v. H. G. KELLEY,
*Respondent.*[1]

LOGS AND LOGGING—SALE OF TIMBER—EXECUTION—EVIDENCE—SUF-
FICIENCY. Whether there was a contract for the sale of timber is for
the jury, where the evidence was conflicting and one of the parties
testified to the making of the contract, after all other negotiations
had failed, and it appeared that he gave a check for the amount to
be paid, indorsed on the face "payment in full for all timber" on
the tract in question, which check was cashed.

APPEAL AND ERROR—RECORD—AFFIDAVITS—NEW TRIAL. Error in
refusing a new trial for newly discovered evidence will not be re-
viewed where the affidavits used on the application are not brought
up by a bill of exceptions or statement of facts.

Appeal from a judgment of the superior court for King
county, Gilliam, J., entered May 5, 1909, upon the verdict
of a jury rendered in favor of the defendant, in an action on
contract. Affirmed.

*Edwin H. Flueck*, for appellants.

*Brant & Brown*, for respondent.

PARKER, J.—The issues in this case involve the right of
the defendant to remove the timber from certain land of the
plaintiffs. The plaintiffs allege that on March 23, 1908, a
contract was entered into between them and the defendant in
writing, whereby they were to sell to the defendant all
timber upon the land in consideration of $250 cash, and the
further consideration of defendant doing certain clearing
and building certain sidewalks upon the land; a time limit
being fixed for doing the clearing and building the side-
walks, and also for the removal of the timber. This alleged
contract provides for forfeiture of all of defendant's rights
thereunder in event of failure on his part to perform all the
things therein required of him within the time limits speci-

[1]Reported in 106 Pac. 776.

fied. Attached to the complaint is a copy of the contract showing it was never formally signed by any of the parties, but the defendant indorsed thereon the following: "I hereby agree to the above proposition. H. G. Kelley." Plaintiffs further allege that defendant paid them the $250, and proceeded to, and had, removed a large part of the timber prior to the commencement of this case, but that he had failed to perform his part of the contract within the time limits provided, and thereby had forfeited all his rights thereunder.

The defendant denies that the contract set forth in the plaintiffs' complaint was ever entered into. He admits, in substance, negotiations resulting in the drawing up of the form of such contract, and the indorsement made by him thereon; but alleges that, before any money was paid thereon or anything done in performance thereof, and before plaintiffs had agreed to the terms of such contract, he notified them that his proposition was withdrawn. Defendant further alleges that thereafter he purchased the timber from the plaintiffs for $250 cash, without any other consideration whatever; that he paid the same and proceeded to cut and remove the timber, continuing to do so until he was restrained by order of the court in this case. Plaintiffs deny the affirmative matter alleged by defendant, and upon these issues the cause went to trial before a jury, all parties treating it as a jury case. A verdict was returned in favor of defendant, judgment entered accordingly, and thereupon plaintiffs appeal to this court.

Learned counsel for appellants first contend that the evidence does not justify the verdict. It is conceded that if the right of the respondent to remove the timber rests upon the contract sought to be proven by appellants he has forfeited such right by failure to perform his part of the contract; while it is also conceded, or rather not disputed, that if the contract of purchase of the timber sought to be proven by respondent is a valid subsisting contract he has the right to remove the timber. No question is raised as

to the time for removal of the timber under this contract, and it is conceded that respondent has paid appellants the $250, the only question of payment being as to which contract it was paid upon. It is apparent then that the only serious question of fact for the jury to determine is as to which of these contracts was actually made and entered into between the parties. There is serious conflict in the evidence as to when the $250 was paid, it being testified in behalf of appellants that it was paid at the time the respondent made the indorsement on the first proposed contract, while in behalf of the respondent it was testified that the payment was made a week or more later, when the alleged unconditional purchase of the timber was consummated. There is also conflict in the evidence as to the part performance of the first contract in the way of doing some of the work and improvement specified therein as part of the consideration for the timber. There is also conflict in the testimony as to the appellants finally adopting or accepting the terms of the contract sought to be proven by them, though it is admitted they never formally signed it.

The respondent testified, among other things, that before paying the $250, before removing any of the timber, and before appellants had in any manner accepted the terms of the first proposed contract, he had conversations with Spencer, with whom his dealings were had, wherein he said to Spencer that he would drop negotiations, that "there was nothing done for two or three days, and one day Mr. Spencer called me up, and I went in, and he said: 'How much will you give us for that wood down there?' (Evidently meaning the same timber.) I said: 'I will give you $250.' He says, 'Clear the streets?' I says, 'No.'" He testified about the deal being consummated later, as follows: "Will you tell us what took place the day you bought this wood? A. The morning of the 31st of March, I think Mr. Spencer called me up at the house, and said they would accept that $250 in cash, and I went up there that morning and gave

him a check for $250." The check is offered in evidence, dated March 31st, payable to Haines & Spencer, and has indorsed on the face thereof, "Payment in full for all timber on Evergreen Tract Add." This is the same timber in question. This check appears to have been cashed by appellants. Without reviewing the evidence further, we think this is sufficient to clearly show it presents a question of fact for the jury. There was at least a serious conflict in the evidence, and therefore, the finding of the jury became conclusive. *Smith v. Michigan Lumber Co.*, 43 Wash. 402, 86 Pac. 652; *Irwin v. Buffalo Pitts Co.*, 39 Wash. 346, 81 Pac. 849; *Johnston v. McCart*, 24 Wash. 19, 63 Pac. 1121.

One of the grounds of plaintiffs' motion for a new trial was newly discovered evidence. It is urged that the trial court was in error in not granting the motion on this ground. We are not able to consider this alleged error for the reason that no affidavits or evidence of any nature in support of this ground of the motion has been made a part of the record by a bill of exceptions or a statement of facts; so we have no means of knowing what showing was made to the court in support of that ground of the motion. It has been repeatedly held that this court will not review alleged errors of the trial court in disposing of a motion determinable by facts to be shown by affidavits or other evidence, when such affidavits or evidence is not made part of the record in the cause by bill of exceptions or statement of facts. *Jacobson v. Lunn*, 16 Wash. 487, 48 Pac. 237; *Griggs v. MacLean*, 33 Wash. 244, 74 Pac. 360; *Rice Fisheries Co. v. Pacific Realty Co.*, 35 Wash. 535, 77 Pac. 839; *Taylor v. Modern Woodmen of America*, 42 Wash. 304, 84 Pac. 867.

We are of the opinion that the judgment of the trial court should be affirmed. It is so ordered.

RUDKIN, C. J., DUNBAR, MOUNT, and CROW, JJ., concur.