---

[No. 9648. Department Two. December 6, 1911.]

G. Y. SAKAI, *Respondent*, v. H. G. KEELEY, *Appellant*.[1]

JUDGMENT — VACATION — JURISDICTION — AFFIDAVIT OF MERITS. A motion to vacate a judgment void for want of jurisdiction need not be supported by an affidavit of merits.

APPEAL—RECORD—STATEMENT OF FACTS—AFFIDAVITS. An appeal from an order denying a motion to vacate a default judgment, which appears to have been heard on affidavits, will be dismissed where the affidavits were not brought up by a bill of exceptions or statement of facts; and it is not sufficient that the defendant's affidavit was attached to and made a part of the motion, where the transcript shows that there was at least one other counter affidavit considered.

APPEAL—REVIEW—CORRECT DECISION ON INCORRECT GROUND. Where the record on appeal is insufficient to secure a review of an order denying the vacation of a judgment, error cannot be predicated on the fact that the order recited an insufficient legal reason for denying the motion.

Appeal from an order of the superior court for King county, Sheeks, J., entered January 27, 1911, denying a

[1]Reported in 119 Pac. 190.

motion to vacate a default judgment, after a hearing before the court on affidavits.   Appeal dismissed.

*H. L. Smith* (*R. B. Brown*, of counsel), for appellant.

*Hamlin & Meier*, for respondent.

CHADWICK, J.—A default judgment was entered against the defendant H. G. Keeley, on the 26th day of February, 1910.   This came to his notice on July 25, 1910.   On December 10, 1910, defendant appeared specially, and moved that the order of default be set aside, and that the judgment be vacated because entered without service of process and therefore lacking in the element of jurisdiction over the person of the defendant.   The facts showing a want of personal service were set forth in an affidavit accompanying the motion.   The matter came on for hearing before Honorable Mitchell Gilliam, who denied the motion upon the ground that it was not accompanied by an affidavit of merits, but gave leave to file another motion and an affidavit setting forth the merits of defendant's case.

The ruling that a motion going to the vacation of a judgment void for the want of jurisdiction over the person should be supported by an affidavit of merits is contrary to the settled practice in this state.   *Lushington v. Seattle Auto & Driving Club*, 60 Wash. 546, 111 Pac. 785; *Wheeler v. Moore*, 10 Wash. 309, 38 Pac. 1053; *Hole v. Page*, 20 Wash. 208, 54 Pac. 1123.   But the error is not now material.

Thereafter defendant filed another motion, and supported it by a like affidavit showing a lack of service and a show of merit.   Because of the congested state of the docket, this motion was heard by Honorable Ben Sheeks, a visiting judge, who denied the motion and entered an order the material parts of which follow:

"Said cause was tried and heard upon the motion of the defendant H. G. Kelley, filed in this court on the 31st day of December, 1910, and the evidence of the respective parties

being adduced and heard and the court being fully advised in the premises;

"It is hereby ordered that said motion be and the same is denied for the reason that the matters therein have been heretofore adjudicated against defendant H. G. Kelley. To which said order defendant Kelley excepted, and exceptions allowed."

Defendant brings this case here upon the motions and affidavits mentioned. His affidavits are met by a motion to dismiss his appeal, upon the ground and for the reason that there is no statement of facts settled or certified by the court, whereas it appears affirmatively that the trial judge heard and considered "the evidence of the respective parties . . ., and the court being fully advised in the premises." It is the contention of the appellant that, inasmuch as the affidavit of merits is attached to his motion, referred to and thus made a part thereof, it becomes a part of the record within the rule announced in *State v. Vance*, 29 Wash. 435, 70 Pac. 34, and *Chevalier & Co. v. Wilson*, 30 Wash. 227, 70 Pac. 487. The *Vance* case announced the doctrine that, notwithstanding the court had held that evidence in the form of affidavits must be brought to this court in the form of a statement of facts or a bill of exceptions, an affidavit attached to and made a part of the motion by reference would, when included in the transcript, be considered as evidence without being so certified by the court. While the reasoning of the court in that case is, in the judgment of the writer and other members of the court as now constituted, without foundation, the case has since been followed by reference in the case of *Chevalier & Co. v. Wilson, supra, Richardson v. Richardson*, 43 Wash. 634, 86 Pac. 1069, and in the more recent case of *Spoar v. Spokane Turn-Verein*, 64 Wash. 208, 116 Pac. 627, and it being a question of practice rather than of principle, the court is not disposed to overrule it.

But taking that case and the cases depending upon it at their full worth, they do not, in the light of the record, bring aid and comfort to the appellant. The transcript

shows that there was at least one affidavit—a counter affidavit—which must have been considered by the court at the time of the last hearing, and was no doubt a part of "the evidence of the respective parties." This affidavit and other evidence, if any, is not properly before us, and not having a complete record, the case falls within the long line of cases some of which are cited in the case just referred to.

In the *Spoar* case the court limited the rule of the *Vance* case to the "attached" affidavit, saying that:

"It is patent, from the recital in the order, that the respondent presented to the court more than one affidavit, and that the court reached its conclusion from reading all the affidavits offered by the parties. . . . The rule there announced [in the *Vance* case] applies to the affidavit referred to in the case at bar, but has no application to the other affidavits."

To the authorities cited in these cases, the following may be added: *State v. Lee Wing Wah*, 53 Wash. 294, 101 Pac. 873, where the disposition of the court to limit, rather than extend the doctrine of the *Vance* case, is clearly intimated. See, also, *Gray v. Granger*, 48 Wash. 442, 93 Pac. 912.

Nor do we think we should be bound by the expression in the judgment to the effect that the motion was denied for the reason that the matters therein suggested had been theretofore adjudicated against defendant. It may be admitted that the court overruled the motion for that reason improperly, but it does not follow that, in the evidence of the respective parties, a sufficient reason to sustain the judgment would not be found if the evidence were properly before us.

Motion to dismiss allowed.

ELLIS, CROW, and MORRIS, JJ., concur.

DUNBAR, C. J., concurs in the result.