[No. 9763. Department Two. January 15, 1912.]

THE STATE OF WASHINGTON, *Respondent*, v. L. W. MORAN, *Appellant*.[1]

APPEAL—RECORD—AFFIDAVITS. Affidavits on motion for a new trial, not made a part of the record by bill of exceptions or statement of facts, cannot be considered on appeal.

CRIMINAL LAW—TRIAL—RIGHT TO SEPARATE TRIAL—DEMAND. Under Rem. & Bal. Code, § 2161, providing that where defendants are jointly indicted, any defendant requiring it shall be separately tried, a demand for a separate trial is timely where the defendant's trial was set before his codefendant had been apprehended, and defendant demanded a separate trial as soon as it was known that there would be a joint trial.

Appeal from a judgment of the superior court for King county, Main, J., entered May 1, 1911, upon a trial and conviction of the offense of injury to property. Reversed.

*Karr & Gregory* and *H. G. Sutton*, for appellant.

*John F. Murphy* and *Hugh M. Caldwell*, for respondent.

CROW, J.—On February 15, 1911, an information was filed in the superior court of King county, charging L. W. Moran and one John Doe with a criminal offense. Upon a joint trial John Doe, whose true name was William G. Carnahan, was acquitted. L. W. Moran was convicted, and has

[1]Reported in 120 Pac. 86.

appealed from the judgment and sentence entered upon the verdict of the jury.

Appellant's only contention is that the trial court erred in refusing him a separate trial. Certain affidavits which appear in the transcript, and are mentioned in the briefs as having been presented on the hearing of the motion for a new trial, cannot be considered on this appeal, as they have not been made a part of the record by any certified bill of exceptions or statement of facts; yet the question raised by appellant is fairly presented by the record before us, exclusive of the affidavits. On February 15, 1911, the amended information was filed, but the defendant Carnahan was not apprehended until March 25, 1911. On February 16, the appellant Moran was arraigned and entered his plea of not guilty. On February 28, he was separately tried, but the jury failed to agree. The cause was thereupon set for retrial on March 15, on which date it was continued until March 31. On March 25, the defendant Carnahan was arraigned and pleaded not guilty. On March 28, the application of appellant for a separate trial was denied. On April 4, the cause was reset for a joint trial on April 17, and appellant was convicted. Section 2161, Rem. & Bal. Code, provides:

"When two or more defendants are indicted or informed against jointly, any defendant requiring it shall be tried separately."

Appellant made his demand with reasonable promptness subsequent to the arrest and arraignment of Carnahan, and after he learned the state would ask a joint trial. In *State v. Mason*, 19 Wash. 94, 52 Pac. 525, this court, commenting on § 2161, *supra*, said:

"The right to a separate trial is a valuable one, and this section of the penal code confers it upon a defendant. It does not specify when the demand shall be deemed waived. We think this right to a separate trial belongs to the defendant and he may avail himself of the right at the time

the case is assigned for trial. A severance of trial afterwards is in the discretion of the court until the jury is sworn to try the cause, subsequently to which time a several trial cannot be granted."

Respondent, relying on this language, insists that appellant's demand came too late, as it was not made until after the cause as to him had been set for trial. The language used in the *Mason* case to the effect that a defendant may avail himself of the right to a separate trial at the time the case is assigned was clearly unnecessary to a decision on the facts then presented. In any event, the statute must receive a reasonable construction. The appellant had the right to a separate trial. To hold that he should have made his application before the cause was assigned for trial, under the circumstances here presented, would nullify the statute. When the cause was first set, Carnahan had not been arrested. It was not known that a joint trial would be possible. It could not have been contemplated, and appellant did not interpose his application. Carnahan was thereafter arrested. Appellant made his application more than two weeks prior to the date on which the joint trial finally occurred, and it was not within the discretion of the trial judge to refuse his demand.

The judgment is reversed, and the cause remanded for a new trial.

Dunbar, C. J., Chadwick, Morris, and Ellis, JJ., concur.