[No. 9593. Department One. March 18, 1912.]

WILFRED F. HAYWORTH, *Respondent*, v. GEO. M. McDONALD et al., *Appellants*.[1]

APPEAL—RECORD—STATEMENT OF FACTS—AFFIDAVITS—MOTION TO VACATE JUDGMENT. Affidavits annexed to a motion to vacate a judgment and by reference made a part of the motion, cannot be made a part of the record by the certificate of the clerk, and will not be considered on appeal in the absence of any statement of facts or bill of exceptions.

JUDGMENT—DEFAULT—FAILURE TO ANSWER—APPEARANCE. An answer filed after a default had been entered, without leave of court, and not served on the plaintiff, does not constitute an appearance preventing a judgment by default.

JUDGMENT—DEFAULT—AMOUNT—JURISDICTION—COLLATERAL ATTACK. A default judgment on a bond for the amount of the penalty, and $400 additional as attorney's fees, and for costs, is not void for want of jurisdiction as exceeding the penalty of the bond, but merely erroneous to be corrected by appeal or statutory proceeding; and the objection cannot be first raised on appeal from an order refusing to vacate the judgment on a motion based on other grounds (MOUNT, J., dissenting).

CORPORATIONS—ACTIONS—VENUE—PRESUMPTION—DOING BUSINESS IN COUNTY. Under the statutes authorizing a corporation to be sued in any county where it transacts or transacted business at the time the cause arose, it will be presumed that the corporation did business in a county where it was sued, if there is nothing to the contrary in the record; and a default judgment may be taken against a corporation on a bond executed in the county in which the suit was brought; as that would be the transaction of business in that county, within the meaning of the statute.

Appeal from a judgment of the superior court for Douglas county, Steiner, J., entered July 27, 1910, upon the default of the defendants, and from an order refusing to vacate the default, entered December 8, 1910, in an action upon a bond. Affirmed.

*Sam B. Hill* and *W. A. Reneau*, for appellants.

*McGuire & Hannan*, for respondent.

[1]Reported in 121 Pac. 984.

FULLERTON, J.—Sometime in September, 1909, Geo. M. McDonald and Jesse T. Cull, then copartners doing business as Geo. M. McDonald and Company, began an action in the superior court of Douglas county against Wilfred F. Hayworth, to recover the sum of $1,000 and interest, alleged to be due upon a promissory note which the respondent had theretofore made and delivered to them. At the time of the commencement of the action, the appellants caused an attachment to issue against the property of Hayworth, based on the grounds that he was about to remove a part of his property from the state of Washington with the intent to defraud his creditors, and was about to convert a part thereof into money with intent to place it beyond the reach of his creditors. The attachment bond was executed in the sum of $3,000, and was conditioned as required by statute. It did not bear the signature of the plaintiff in the action, but was signed by Geo. M. McDonald & Co., Inc., a corporation, and by the two other persons named in the body of the bond as sureties, the corporation not being named therein either as principal or surety. Pursuant to the writ of attachment, the sheriff of Douglas county seized certain personal property belonging to Hayworth, on October 7, 1909, and held the same until April 20, 1910, when the attachment was dissolved and the writ discharged on the procurement of Hayworth.

Thereafter, and on June 14, 1910, the respondent Hayworth began an action in the superior court of Douglas county against the plaintiffs in the attachment action and the sureties upon the bond, including the corporation Geo. M. McDonald & Co. Inc., to recover for wrongfully suing out the attachment. Personal service of the summons and complaint was made upon all of the defendants on June 25, 1910, the service upon the corporation being made in Grant county, as the return recites, at "their usual place of business." On July 16, 1910, the plaintiff moved for default against the defendants for failing to appear in the action, accompanying

his motion with the usual proofs showing that no appearance had been made. The motion was granted by the court commissioner of Douglas county, and the default of each of the defendants was formally entered. On July 19, 1910, the clerk of the court received and filed what purported to be an answer to the complaint. It was not, however, accompanied by any proof of service. On July 27, 1910, the plaintiff produced proofs of his cause of action before the court commissioner, and the commissioner on that day made findings of fact to the effect that the plaintiff had been damaged in a sum of money in excess of the penalty named in the bond and entered judgment in appellant's favor against each and all of the defendants for that sum, namely, $3,000, together with an attorney's fee of $400, and the costs of the action taxed at $21.60.

On August 2, 1910, the defendants, by their attorney, moved to set aside the judgment and open the default, reciting in the motion that they had a good and sufficient defense to the action, and that within 20 days after the service of summons upon them, namely July 15, 1910, they had served upon the attorneys of record an answer in said cause, and had caused the same to be filed with the clerk of the court wherein the action was pending, and that the same was on file when the judgment in the action was taken. The motion recited that it was based on the record and files in the action, and upon the affidavit of their attorney thereto annexed, and "by reference hereto made a part of the motion." This motion was overruled by an order entered on December 8, 1910. The appeal before us was taken on March 3, 1911. It purports to be taken from the judgment of July 27, 1910, as well as the order refusing to vacate the same entered December 8, 1910.

The appellants failed to propose or have certified into this court any statement of facts, and the case is here on a transcript of so much of the record as the appellants have seen fit to direct the clerk to transmit to this court. In the record

so certified, are copies of two affidavits filed for use on the motion to vacate the judgment. The respondent objects to the consideration of these affidavits on this appeal on the grounds that they are not properly a part of the record, the same being in the nature of evidence which can only be brought to this court by a statement of facts. This objection is well taken. We have, in a long line of cases, held that affidavits filed as proof of particular facts cannot be made a part of the record in this court by the mere certification of the clerk. *State v. Lee Wing Wah*, 53 Wash. 294, 101 Pac. 873, *Sakai v. Keeley*, 66 Wash. 172, 119 Pac. 190, and cases cited. The appellants contend, however, that the affidavit filed in behalf of the appellants is before the court because attached to the motion and especially referred to therein, thus falling within the rule of *State v. Vance*, 29 Wash. 435, 70 Pac. 34. The case cited was somewhat peculiar in its facts. The affidavit there referred to was "an integral and inseparable part of the motion, attached thereto, constituting a part thereof," and the court expressly recited in its order that it "had read the same in support of the motion." Moreover, there was a statement of facts in the case in which all of the evidence material to inquiry before the superior court was incorporated. In the case at bar, there is no statement of facts; it is not shown that the court based its order upon the affidavit; nor is it shown that there were not other and opposing proofs in the record on the same subject. These differences clearly show the inapplicability of the case cited to the facts of the case at bar. The appellant cannot successfully claim to have been misled by the case cited. That no such result might follow, this court early took occasion to point out the differences between that case and the ordinary case where affidavits were attached to a motion and certified into this court by the clerk as a part of the motion. This the court did in the case of *Chevalier & Co. v. Wilson*, 30 Wash. 227, 70 Pac. 487, where it was expressly held that there was no intention by the case of *State v.*

*Vance* to overrule the previous cases in which the rule now adhered to was laid down. The reason for the rule, as we have announced it, is plain. If the court recognized the practice here contended for, it would either review the orders of the lower court upon a partial and incomplete record or it would place upon the respondent the duty of making up the record on appeal. We are clear that the affidavits certified into the transcript by the clerk cannot be considered as a part of the record on this appeal.

With these affidavits eliminated, there is only one question open for review, namely, is the judgment sought to be vacated void upon its face, or on the face of the record properly before us. The first contention in this respect is that the judgment was entered after an answer had been filed putting in issue the material allegations of the complaint. But the objection to this is that the answer is improperly in the record. It was filed after default had been taken and entered, and without leave of the court, and was not served upon the plaintiff. This did not constitute such an appearance in the case as the statutes contemplate, and the court properly proceeded to enter judgment in disregard of the answer.

Next, it is said that a judgment was entered against the bondsmen obligated on the bond sued upon in excess of the penalty thereof. As we have stated, the penalty of the bond was in the sum of three thousand dollars, while the judgment was in that sum together with the sum of four hundred dollars taxed as attorney fees, and twenty-one dollars and sixty cents taxed as costs. There may be some question whether, under the statute, an attorney's fee and the costs of the action may be recovered against the obligors on an attachment bond in excess of the penalty fixed therein; but, if it be so conceded, the fact does not render the judgment void. It would be error merely which must be corrected by an appeal from the judgment, or by some revisory proceeding afforded by the statute attacking the judgment upon this ground. It was not so attacked in this case. This objection appears to

have been raised in this court for the first time; at least this ground was not made an integral part of the motion to vacate the judgment.

Finally, it is said that the judgment is void as to the corporation because not brought in a county where the corporation has an office for the transaction of business, or in a county where some person resides upon whom process may be served against the corporation. *McMaster v. Advance Thresher Co.*, 10 Wash. 147, 38 Pac. 670, and the cases following that case are cited as maintaining the contention. But the statute has been materially changed since these cases were determined. It is now provided that an action against a corporation may be brought in any county in which the corporation transacts business, or transacted business at the time the cause of action arose. There is nothing in the record that tends to show that the corporation in question does not transact business in Douglas county, the county in which the action was brought, and the court will presume, in the absence of some showing to the contrary, that it did so transact business. Furthermore, the execution of the bond which gives rise to the cause of action against it was executed by it for use in Douglas county. This would be such a transaction of business in that county as to authorize an action upon the bond therein.

There is no reversible error in the record, and the judgment will stand affirmed.

PARKER and GOSE, JJ., concur.

MOUNT, J. (dissenting)—I cannot agree that a judgment upon a bond may be taken for more than the face of the bond with costs. I therefore dissent.