[No. 9949.   Department Two.   April 3, 1912.]

W. L. GAZZAM et al., *Respondents,* v. JOHN A. ZIMMER et al., *Appellants.*[1]

APPEAL—RECORD—STATEMENT OF FACTS — AFFIDAVITS.   Affidavits used on motion for a new trial cannot be considered on appeal unless made part of the record by bill of exceptions or statement of facts.

Appeal from a judgment of the superior court for Kitsap county, Yakey, J., entered June 3, 1911, upon findings in favor of the plaintiffs, in an action of unlawful detainer. Affirmed.

*William C. Keith,* for appellants.

*Walter A. Keene* and *C. D. Sutton,* for respondents.

PER CURIAM.—The respondents brought this action against the appellants under the statutes of forcible entry and detainer, to recover possession of certain real property theretofore leased by them to the appellants. Issue was taken on the complaint and a trial had, which resulted in a judgment of ouster. The appellants moved for a new trial, setting up as grounds therefor matters not shown by the record, which they attempted to support by affidavits. The court overruled the motion, and this appeal followed.

[1] Reported in 122 Pac. 366.

The appellants have caused the clerk of the court below to make and certify into this court a transcript of the proceedings of record in that court, in which he has included the affidavits filed in support of the motion for a new trial. In this court his entire argument for reversal is based on matter appearing in these affidavits. The respondents object to their consideration on the ground that they are not properly before us, not having been brought here by a bill of exceptions or a statement of facts. The objection is well taken. Affidavits filed in support of matters of fact are not properly a part of the record of the trial court, and cannot be brought to this court by the mere certification of the clerk of that court.

Eliminating the affidavits, nothing remains for us to consider, as the record properly before us shows that the judgment appealed from is fair upon its face.

The judgment will therefore be affirmed.