[No. 10679.  Department Two.  February 13, 1913.]

THE STATE OF WASHINGTON, *Respondent*, v. TOM RICE, *Appellant*.[1]

APPEAL—RECORD—AFFIDAVITS.  Error in recalling the jury and giving additional instructions cannot be shown by affidavits, nor reviewed in the absence of a bill of exceptions or statement of facts.

Appeal from a judgment of the superior court for King county, Ronald, J., entered April 27, 1912, upon a trial and conviction of robbery.  Affirmed.

*William R. Bell,* for appellant.

*John F. Murphy, Crawford E. White,* and *Reah M. Whitehead,* for respondent.

MAIN, J.—The defendant in this case was charged in the superior court by information with the crime of robbery.  In due time he was tried and a verdict of guilty returned.  Motion for a new trial was seasonably made and overruled, and the defendant sentenced to the state penitentiary at Walla Walla.  From this judgment and sentence, the defendant appeals.

No statement of facts or bill of exceptions has been brought to this court.  The appellant in his brief assigns error in that the trial court, while the jury were deliberating upon their verdict, of its own motion recalled the jury into open court and gave them additional instructions.  The facts surrounding the recalling of the jury are set out by affidavit, a copy of which appears in the transcript which was certified by the clerk.  The respondent objects to the consideration of this affidavit for the reason that it is not properly before this court.  This contention must be sustained.  Under the repeated decisions of this court, affidavits used upon a hearing before the trial court cannot be made

[1]Reported in 129 Pac. 911.

a part of the record on appeal by simply incorporating them in the clerk's transcript. *Spoar v. Spokane Turn-Verein,* 64 Wash. 208, 116 Pac. 627; *Sakai v. Keeley,* 66 Wash. 172, 119 Pac. 190; *Hayworth v. McDonald,* 67 Wash. 496, 121 Pac. 984.

In the *Hayworth* case, the court, in deciding a similar question, said:

"The appellants failed to propose or have certified into this court any statement of facts, and the case is here on a transcript of so much of the record as the appellants have seen fit to direct the clerk to transmit to this court. In the record so certified, are copies of two affidavits filed for use on the motion to vacate the judgment. The respondent objects to the consideration of these affidavits on this appeal on the grounds that they are not properly a part of the record, the same being in the nature of evidence which can only be brought to this court by a statement of facts. This objection is well taken. We have, in a long line of cases, held that affidavits filed as proof of particular facts cannot be made a part of the record in this court by the mere certification of the clerk. *State v. Lee Wing Wah,* 53 Wash. 294, 101 Pac. 873; *Sakai v. Keeley,* 66 Wash. 172, 119 Pac. 190, and cases cited."

There being no assignment of error in the record which we can consider, the judgment will therefore be affirmed.

Crow, C. J., Ellis, Morris, and Fullerton, JJ., concur.