# CASES

# SUPREME COURT

OF

# WASHINGTON

[No. 11408. Department One. March 27, 1914.]

## W. W. Powers *et al.*, *Appellants*, v. Washington Portland Cement Company, *Respondent*.[1]

APPEAL—RECORD—STATEMENT OF FACTS—AFFIDAVITS. The denial of leave to amend a bill of particulars cannot be reviewed on appeal, where the affidavits in support of the motion were not brought up by a bill of exceptions or statement of facts.

PLEADING—BILL OF PARTICULARS—PROOF. It is not error to restrict the proof to the items set out in a bill of particulars which had been required.

Appeal from a judgment of the superior court for King county, Mackintosh, J., entered March 29, 1913, upon findings in favor of the defendant, in an action on contract, tried to the court. Affirmed.

*S. A. Kennan,* for appellants.

*Thomas Smith* and *J. L. Corrigan,* for respondent.

MAIN, J.—This is an appeal from a judgment of the superior court in favor of the defendant upon its cross-complaint.

On July 5, 1911, the plaintiffs entered into a contract with the city of New Westminister, B. C., for the construction of cement sidewalks, upon certain streets of the city, designated therein. For the purpose of carrying out this contract, the plaintiffs purchased from the defendant a num-

[1]Reported in 139 Pac. 615.

ber of carloads of cement. Upon portions of the work, two or three other brands of cement were used. After the sidewalks had been constructed, the inspector acting for the city condemned and caused certain portions thereof to be removed.

The present action was instituted for the purpose of recovering damages sustained in replacing the work. The suit was brought to recover the sum of $4,451.79, less the sum of $371.95, the amount due the defendant for a carload of cement which had not been paid. After the complaint in the action had been served and filed, the defendant moved for a bill of particulars. In responding to the order of the court granting the motion, a bill of particulars was furnished. This covered that part of the contract only which was known as the "West End Job," and not the portion of the contract which was known as the "Fourth Street Job."

After the issues were joined, the cause came on for trial on the 18th day of March, 1913, at the hour of 9:30 o'clock a. m. The plaintiffs' counsel had discovered, on the afternoon of the previous day, that the bill of particulars which had been furnished did not include that portion of the work known as the "Fourth Street Job." When the cause was called for trial, an oral motion was interposed for leave to amend the bill of particulars so as to include the portion of the work which had been omitted therefrom. This motion was resisted by the defendant. The cause was continued until 1:30 o'clock p. m. of the same day. At this time, the plaintiffs interposed a written motion for leave to amend the bill of particulars, and supported it by affidavits, the contention being that, in the preparation of the bill of particulars, the "Fourth Street Job" had been inadvertently omitted therefrom. This motion was denied. The cause proceeded to trial and resulted in a judgment in favor of the defendant in the sum of $371.95. The plaintiffs have appealed.

The first contention of the appellants is that the trial court abused its discretion in the denial of the motion for

leave to amend the bill of particulars. The affidavits which were filed in support of this motion are brought to this court in the clerk's transcript, and are not included in the statement of facts certified by the trial judge. Under the doctrine frequently announced in the decisions of this court, they cannot be here considered. It has repeatedly been held that affidavits which were used during the progress of the trial in the superior court to establish or dispute a fact, cannot be considered unless they are included in the statement of facts or bill of exceptions, and by certificate of the trial judge made a part of the record. *Spoar v. Spokane Turn-Verein*, 64 Wash. 208, 116 Pac. 627; *Sakai v. Keeley*, 66 Wash. 172, 119 Pac. 190; *Hayworth v. McDonald*, 67 Wash. 496, 121 Pac. 984; *State v. Rice*, 72 Wash. 104, 129 Pac. 911. Not being able to consider the affidavits filed in support of the motion, we cannot conclude that the action of the trial court was an abuse of discretion. Error will not be presumed. It must be made to affirmatively appear. Notwithstanding the bill of particulars did not cover the "Fourth Street Job," evidence was offered by the appellants pertaining thereto. This was rejected by the trial court. In this there was no error. The very purpose of requiring a bill of particulars is to restrict the proof to the matters therein set out, and to inform the opposite party with reasonable exactness as to what he will be called upon to meet. *Morrisette v. Wood*, 128 Ala. 505, 30 South. 630; *Commonwealth v. Snelling*, 15 Pick. 321; *Matthews v. Hubbard*, 47 N. Y. 428; *Dudley v. Duval*, 29 Wash. 528, 70 Pac. 68.

Upon the merits, the primary question is whether the cement purchased from the respondent was inferior in quality. The evidence upon this question was conflicting. The appellants claimed and their evidence tended to show that the defective portions of the sidewalk which were condemned were due to the fact that the cement was not of standard quality. While the respondent's evidence, if it correctly set forth the facts, shows that the cement which it supplied was

of standard quality, and that the defective condition of the sidewalks was due to other causes which were directly chargeable to the appellants. A review in detail of the testimony of the various witnesses for each party upon this question would serve no useful purpose. The trial court found that all the cement delivered by the respondent was of standard quality, and that the defects in the sidewalk constructed were not due to the quality of the cement delivered by the respondent. From an examination of the evidence as it appears in the statement of facts, we think the finding of the trial court must be sustained.

The judgment will be affirmed.

CROW, C. J., ELLIS, GOSE, and CHADWICK, JJ., concur.