[No. 11605. Department One. May 16, 1914.]

CHESTER A. CONGDON et al., Appellants, v. ANNA G. AUMILLER et al., Respondents.[1]

APPEAL—RECORD—STATEMENT OF FACTS—AFFIDAVITS. Affidavits used below in the nature of evidence cannot be considered on appeal, unless brought up by bill of exceptions or statement of facts.

ACTIONS—DISMISSAL—FAILURE TO PROSECUTE—DISCRETION. It is discretionary to dismiss an action for want of prosecution where it had been pending since 1906, the plaintiffs took no affirmative measures looking to the formation of an issue, continuances by stipulation extended inaction until June 15, 1909, when the defendants filed a demurrer, where the matter rested until February, 1911, when defendants moved for the dismissal, and the plaintiffs were without any attorney authorized to represent them from October, 1907, to April, 1913.

[1]Reported in 140 Pac. 912.

Appeal from a judgment of the superior court for Yakima county, Card, J., entered June 10, 1913, dismissing an action for want of prosecution. Affirmed.

*Wende & Taylor* and *E. B. Velikanje,* for appellants.

*Lee C. Delle,* for respondents.

Ellis, J.—This is an appeal from a judgment dismissing an action for want of prosecution. The complaint was filed and the summons was served upon the defendants on October 15, 1906. The complaint and summons were signed by E. B. Preble as attorney for plaintiffs. The defendants demurred to the complaint on all of the statutory grounds, on October 31, 1906. On January 11, 1907, an order was entered granting leave to the defendants to withdraw their demurrer and answer the complaint within fifteen days. On June 6, 1907, a stipulation between counsel for the respective parties was filed giving the defendants until August 15, 1907, in which to file an answer or such other pleadings as they desired, or to move the court for such other orders or relief as they might deem necessary. On October 1, 1907, E. B. Preble was appointed superior judge. On May 6, 1909, another stipulation of exactly the same purport was signed by counsel for the respective parties, extending the defendants' time for further action until June 15, 1909. Judge Preble signed this stipulation as attorney for plaintiffs. On June 15, 1909, the defendants again demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The record shows that this demurrer was served upon E. B. Preble as plaintiffs' then attorney.

On February 2, 1911, the defendants moved to dismiss the action for want of prosecution. This motion recites that the plaintiffs had abandoned the action and, for more than eighteen months prior to the filing of the motion, had no attorney in charge of the cause, nor any attorney of record or known to the defendants. The motion also recites that it

is based upon the record and files and affidavit of one of the attorneys for the defendants. Proof of service of this motion was filed on February 3, 1911, reciting service by delivery of a copy thereof and of the affidavit thereto attached to Allen S. Davis and J. O. Cull, attorneys, of North Yakima, who were partners of Judge Preble at the time he signed the complaint, and also reciting service of the motion by mailing copies thereof and of the affidavit thereto attached to each of the plaintiffs, at Duluth, Minnesota, and that Duluth, Minnesota was the place of residence and post office address of each of the plaintiffs.

On February 14, 1911, Snively and Bounds, attorneys of North Yakima, served and filed in the action a notice that they appeared and represented the plaintiffs therein. On April 12, 1911, an affidavit of Judge Preble was filed, setting forth certain verbal agreements for indefinite continuance pending propositions for settlement and an understanding that the litigation might be resumed at the convenience of both parties.

On April 18, 1913, the plaintiffs caused to be served upon the attorney for the defendants, and filed in the cause, a sworn substitution of attorneys, reciting, in substance, that the firm of attorneys of which Judge Preble had been the senior member had been the plaintiffs' attorneys of record since the commencement of the action, and that, "so far as plaintiff is advised, they still are such attorneys of record although said firm no longer exists;" that the plaintiff has no recollection of ever having authorized the substitution of H. J. Snively as attorney, and revokes the appointment of every attorney for the plaintiffs theretofore appointed, and appoints E. B. Velikanje as sole attorney for plaintiffs with authority to employ such associate counsel as he may deem best. On the same day, Mr. Velikanje, as attorney for plaintiffs, served and filed a notice of argument of the last demurrer of the defendants which had been filed on June 15, 1909. On the same day, April 18, 1913, the de-

fendants renewed their motion to dismiss for want of prosecution, which had been served and filed on February 3, 1911. The motion for dismissal was heard by Judge Ernest M. Card, a visiting judge, who on June 9, 1913, entered an order dismissing the action for want of prosecution. This order recites the appearance of counsel for both sides at the hearing, and that the order was made "after fully examining all of the records and files in this cause, and the affidavits presented and filed, and after listening to the arguments of the respective counsel and all and singular the facts and arguments being presented to, heard, and considered by the court, and the court being fully advised in the premises." The appeal is prosecuted from that order.

The respondents interpose a motion in this court to strike from the transcript the affidavit of Judge Preble referred to in our statement of the case. This affidavit was neither attached to nor referred to in any motion. The appellants failed to propose or have certified any statement of facts. The case is here upon a transcript of the files in the clerk's office certified by the clerk. In this transcript, are copies of the affidavit above referred to and an affidavit of the respondents' attorney, apparently filed in support of his original motion to dismiss on February 3, 1911. These affidavits are not properly a part of the record. They are in the nature of evidence which can only be brought to this court by a statement of facts properly proposed, settled and certified. We said in *Hayworth v. McDonald*, 67 Wash. 496, 121 Pac. 984, "We have, in a long line of cases, held that affidavits filed as proof of particular facts cannot be made a part of the record in this court by the mere certification of the clerk." See, also, to the same effect: *State v. Lee Wing Wah*, 53 Wash. 294, 101 Pac. 873; *Haines & Spencer v. Kelley*, 57 Wash. 219, 106 Pac. 776; *Swanson v. Pacific Shipping Co.*, 60 Wash. 87, 110 Pac. 495; *Spoar v. Spokane Turn-Verein*, 64 Wash. 208, 116 Pac. 627; *Sakai v. Keeley*, 66 Wash. 172, 119 Pac. 190; *Hale v. City Cab, Carriage & Transfer*

*Co.,* 66 Wash. 459, 119 Pac. 837; *State v. Moran,* 66 Wash.
588, 120 Pac. 86; *Gazza v. Zimmer,* 68 Wash. 41, 122 Pac.
366; *State v. Rice,* 72 Wash. 104, 129 Pac. 911; *International Development Co. v. Sanger,* 75 Wash. 546, 135 Pac. 28;
*Powers v. Washington Portland Cement Co., ante* p. 1,
139 Pac. 615; *Agens v. Powell, ante* p. 131, 139 Pac. 873;
*Mattson v. Eureka Cedar Lumber & Shingle Co., ante* p.
266, 140 Pac. 377.  The statute governing appeals, orderly
procedure, uniformity and certainty of practice, fairness to
the trial court and advised, intelligent action by this court,
all call for the observance of this rule.  The affidavits cannot be considered a part of the record in this appeal.

The record proper, which alone we are at liberty to consider, carries conviction that the court did not abuse its
discretion in dismissing the action.  It had been pending
since October 15, 1906.  The only affirmative measure thereafter taken looking even to the formation of an issue was
taken by the respondents.  Continuances by stipulation, presumably to meet the convenience of both parties, were had,
the last extending inaction to June 15, 1909.  The respondents then filed a demurrer presenting an issue of law.  So the
case remained until February, 1911, when the respondents
moved for a dismissal.  The case again stood pending upon
this motion until April 18, 1913.  During all of the time
since October, 1907, the appellants, as fairly appears from
their substitution of attorneys, were "so far as they were
advised" without any attorney save a dissolved firm, no
member of which, as an individual, so far as the record shows,
had any authority to represent them.  When, in April, 1913,
the appellants finally secured an attorney, they took steps,
not to purge the record of the pending motion to dismiss, but
to call up the demurrer.  The trial court committed no error
in disposing of the latter·motion first without regard to the
appellants' belated notice seeking to call up the demurrer,
which ignored the pendency of the motion going to their very
right to prosecute the action.  The case is thus clearly dis-

tinguishable from the situation in *Bignold v. Carr*, 24 Wash. 413, 64 Pac. 519, upon which the appellants mainly rely. It is also distinguishable in another particular. That case had been pending less than two years when the motion to dismiss was made, only a few months after the demurrer was filed. The court, in effect, held that the refusal to dismiss, under the circumstances, was not an abuse of discretion, a very different thing from a holding that a dismissal, even under the circumstances there shown, would have been a positive abuse of discretion. The same is true of the decision in *Loving v. Maltbie*, 64 Wash. 336, 116 Pac. 1086. Moreover, what is intimated, rather than said, in the *Bignold* case as to the duty of a defendant to notice his demurrer for hearing, was unnecessary to the decision and is, in any event, contrary to the later decisions of this court. In *Langford v. Murphey*, 30 Wash. 499, 70 Pac. 1112, on a record closely parallel to that here presented, it was said:

"The discretion of the court in dismissing this action, under the circumstances shown by the record, cannot be questioned, nor do we think that the fact that the statute permits the defendant to bring a case on to hearing deprives the court of its unquestioned common-law, if not inherent, power to clear its dockets of abandoned or stale actions."

See, also, *First Nat. Bank of Fond du Lac v. Hunt*, 40 Wash. 190, 82 Pac. 285. It seems consonant with reason that a plaintiff who hales a defendant into court assumes and, so long as he has the affirmative of the main issue, retains the duty of diligent prosecution. *Neff v. Neff*, 32 Wash. 82, 72 Pac. 1011; *Arthur v. Washington Water Power Co.*, 42 Wash. 431, 85 Pac. 28; *Rehmke v. Fogarty*, 57 Wash. 412, 107 Pac. 184. As said by the supreme court of California in a case also closely analogous to this:

"But it is said that it was not the duty of the appellants to have urged the hearing of the demurrer; that this should have been done by the respondents, who filed it; and hence that the court was wrong in assuming that the laches of the appellants justified a dismissal of the action. The appellants

.brought the action; it would seem that upon them rested the burden of prosecuting it to a finality, and that as a step in that direction, from the facts then appearing to the court, they should have taken measures to have demurrers determined so that the action could progress." *Kubli v. Hawkett,* 89 Cal. 638, 641, 642.

See, also, *Simmons v. Keller,* 50 Cal. 38; *Hassey v. South San Francisco Homestead & R. Ass'n,* 102 Cal. 611, 36 Pac. 945; *San Jose Land & Water Co. v. Allen,* 129 Cal. 247, 61 Pac. 1083; *Mowry v. Weisenborn,* 137 Cal. 110, 69 Pac. 971; *Gray v. Times-Mirror Co.,* 11 Cal. App. 155, 104 Pac. 481; *Lambert v. Brown,* 22 N. D. 107, 132 N. W. 781.

There was no abuse of the trial court's discretion.

The judgment is affirmed.

CROW, C. J., MAIN, CHADWICK, and GOSE, JJ., concur.