[No. 11685.   Department One.   June 30, 1914.]

MARGARET E. THURMAN, *Appellant*, v. JOSEPH KILDALL, *Respondent*.[1]

APPEAL—RECORD—STATEMENT OF FACTS—AFFIDAVITS.   Affidavits used upon a hearing must be brought up on appeal by bill of exceptions or statement of facts, and it is not enough to include them in the clerk's transcript and refer to them in the statement of facts as "hereby made a part hereof," in view of Rem. & Bal. Code, § 390, requiring them to be appropriately referred to in, and attached to, the statement of facts certified to by the judge.

Appeal from an order of the superior court for King county, Smith, J., entered September 2, 1913, vacating a foreclosure judgment and sheriff's sale, after a hearing upon affidavits.   Affirmed.

*Gates & Emery*, for appellant.

*Willett & Oleson*, for respondent.

MAIN, J.—This is an appeal from an order of the superior court vacating and setting aside a sale by the sheriff of King county of five hundred shares of corporate stock.   The original action was upon a promissory note, which was secured by a pledge of the certificate for five hundred shares of the capital stock of the Pacific Coast & Norway Packing Co. Judgment was entered upon the note, and foreclosure directed upon the certificate of stock.   Thereafter, and on the 21st day of June, 1913, the stock was sold by the sheriff.   Subsequently a motion was interposed to set aside and vacate the sale.   This motion was heard in the superior court upon affidavits, and a judgment was entered vacating the sale, from which this appeal is prosecuted.

The affidavits used at the hearing upon the motion are not

[1]Reported in 141 Pac. 691.

embodied in or annexed to the statement of facts, but an attempt is made to make them a part thereof by reference. Each affidavit is referred to in the statement of facts by the name of the affiant and date and followed by this provision: "Which is on file herein to which reference is made, and the same is hereby made a part hereof." The respondent opens his brief with a number of motions, one of which is to strike the statement of facts, for the reason, as it is claimed, that the same is not prepared in accordance with the requirements of the law. The affidavits referred to, it should be noted, are contained in the clerk's transcript.

By repeated decisions it has become the settled doctrine of this court that affidavits used upon a hearing before the trial court cannot here be considered, unless by the certificate of the trial judge they are made a part of the record by being included in the statement of facts or a bill of exceptions. It is not sufficient that they may be found in the clerk's transcript. *State v. Lee Wing Wah*, 53 Wash. 294, 101 Pac. 873; *Haines & Spencer v. Kelley*, 57 Wash. 219, 106 Pac. 776; *Swanson v. Pacific Shipping Co.*, 60 Wash. 87, 110 Pac. 795; *Spoar v. Spokane Turn-Verein*, 64 Wash. 208, 116 Pac. 627; *Sakai v. Keeley*, 66 Wash. 172, 119 Pac. 190; *Hale v. City Cab, Carriage & Transfer Co.*, 66 Wash. 459, 119 Pac. 837; *State v. Moran*, 66 Wash. 588, 120 Pac. 86; *Hayworth v. McDonald*, 67 Wash. 496, 121 Pac. 984; *Gazzam v. Zimmer*, 68 Wash. 41, 122 Pac. 366; *State v. Rice*, 72 Wash. 104, 129 Pac. 911; *International Development Co. v. Sanger*, 75 Wash. 546, 135 Pac. 28; *Powers v. Washington Portland Cement Co.*, 79 Wash. 1, 139 Pac. 615; *Agens v. Powell*, 79 Wash. 131, 139 Pac. 873; *Mattson v. Eureka Cedar Lumber & Shingle Co.*, 79 Wash. 266, 140 Pac. 377; *Norton v. Pacific Power & Light Co.*, 79 Wash. 625, 140 Pac. 905; *Congdon v. Aumiller*, 79 Wash. 616, 140 Pac. 912.

But it is claimed that the reference to the affidavits in the statement of facts is sufficient to make them a part thereof. Rem. & Bal. Code, § 390 (P. C. 81 § 687), provides:

"Depositions and other written evidence on file shall be appropriately referred to in the proposed bill or statement, and when it is certified the same or copies thereof, if the judge so direct, shall be attached to the bill or statement and shall thereupon become a part thereof."

This section requires that depositions or other written evidence shall not only be referred to in the proposed bill or statement, but shall be attached thereto in order that they may become a part thereof. That "other written evidence" includes affidavits will hardly be disputed. Rem. & Bal. Code, § 395 (P. C. 81 § 697) provides what shall constitute a part of the record without being included in the statement of facts and may be embodied in the clerk's transcript. Affidavits are not covered by this section. It seems reasonably plain that reference in the statement of facts to affidavits on file is not sufficient to make them a part of the record, even though it is provided therein that "the same are hereby made a part hereof."

As supporting the position that the reference is sufficient to constitute affidavits a part of the record, the appellant cites, *Pennsylvania Mtg. Inv. Co. v. Gilbert*, 18 Wash. 667, 52 Pac. 246; *O'Neile v. Ternes*, 32 Wash. 528, 73 Pac. 692. In the *Pennsylvania Mortgage Inv. Co.* case, the motion to strike the statement was on the ground that the exhibits which had been introduced in evidence were not contained in the proposed statement. They were in fact attached to the statement as certified by the trial judge, and made a part thereof. In the *O'Neile* case, the motion was to strike from the statement of facts copies of a deposition and copies of certain exhibits. There was no claim that these copies were incorrect. The originals were not attached. It was there said:

"The statement in question does in fact contain purported copies of the 'written evidence' in the case, including the deposition and exhibits mentioned in respondents' motion; and the statement itself shows that some, if not all, of the copies of the writings objected to by respondents were expressly per-

mitted by the court, at the trial, to be filed instead of the originals."

In each of those cases, the motion to strike was denied. The holding in neither supports the appellant's contention here. In one, the deposition and copies of exhibits were actually attached to the statement, and by the certificate of the trial judge made a part thereof. And in the other, copies were set out in the statement. In this case, the affidavits were neither attached to the statement of facts, nor were copies thereof attached or set out therein. To hold that reference to the affidavits is sufficient it would be necessary to disregard § 390 of Rem. & Bal. Code (P. C. 81 § 687), which requires that they shall not only be referred to, but that the same shall be attached to the bill or statement of facts. It follows, therefore, that the motion must be granted.

Since we are unable to consider the affidavits upon which the court's order vacating the sale was based, it cannot be said that the trial judge committed error in entering the order.

The judgment will be affirmed.

CROW, C. J., ELLIS, GOSE, and CHADWICK, JJ., concur.