[No. 12195. Department One. November 17, 1914.]

LINA RITTER, *Respondent*, v. THE CITY OF SEATTLE, *Appellant*.[1]

NEW TRIAL—GROUNDS—EXCESSIVE VERDICT—DISCRETION OF COURT —ABUSE. It is not an abuse of discretion for the court to refuse a new trial on the ground of excessive damages given under the influence of passion or prejudice, merely because the lower court's views differed from those of the jury; and abuse is not shown, where the remarks of the court, as a whole, did not show that he denied the motion for lack of power to do so, but had in fact exercised his discretion.

TRIAL — CONDUCT — REOPENING — DISCRETION. After the case is closed by both sides, and an adjournment taken over Sunday, it is not an abuse of discretion to refuse to reopen the case for further evidence, where there was no showing that the evidence was newly discovered or had been overlooked.

APPEAL—RECORD—AFFIDAVITS. The denial of a motion for new trial will not be reviewed on appeal, where the affidavits on which it was based were not made part of the record on appeal.

Appeal from a judgment of the superior court for King county, Smith, J., entered April 25, 1914, upon the verdict of a jury rendered in favor of the plaintiff, in an action in tort. Affirmed.

*James E. Bradford* and *Melvin S. Good*, for appellant.

*Blair & Blinn*, for respondent.

[1]Reported in 144 Pac. 61.

PARKER, J.—This is an action to recover damages for personal injuries which the plaintiff claims resulted to her from the negligence of the city of Seattle. Verdict and judgment were rendered against the city, awarding the plaintiff $1,750 damages, from which the city has appealed.

One of the grounds upon which counsel for the city rested their motion for new trial was "excessive damages appearing to have been given under the influence of passion and prejudice." The refusal of the trial court to grant a new trial upon this ground is the principal claim of error here relied upon by counsel for the city. Their argument in this behalf is rested entirely upon remarks of the trial judge made in disposing of the motion for new trial, expressing his opinion, somewhat at variance with the conclusion of the jury, as to the amount of damages respondent should be awarded. The remarks of the trial judge which we regard as most favorable to the theory of counsel's contentions were as follows:

"The court thinks the amount awarded by the jury was excessive, but that was for the jury to determine. It was in this case a question purely for the jury to determine how much they should award the plaintiff for her injuries, and they decided her injuries were worth $1,750. If it had been tried by the court the court would not have given any such verdict as that, although the court would have been obliged to give the woman a verdict. . . . And while in the main the court thinks the amount of the verdict is excessive—it is more than it should have been—the court thinks that under the ruling of the supreme court a matter like that is exclusively a matter for the jury, that the court would not interfere with it. . . . I do not think it is for the court to take the place of the jury in determining the amount of the award that should be awarded to her. She asked for more than she got and the jury were careful in their deliberation before they rendered their verdict."

That the granting or refusing of a new trial upon the ground here urged is a matter within the discretion of the trial court, with which discretion this court will not interfere except in cases of plain abuse thereof, is too well settled to

require discussion at this time. *Kohler v. Fairhaven & N. W. R. Co.,* 8 Wash. 452, 36 Pac. 253, 681; *Winningham v. Philbrick,* 56 Wash. 38, 105 Pac. 144; *Sylvester v. Olson,* 63 Wash. 285, 115 Pac. 175; *Brown v. Walla Walla,* 76 Wash. 670, 136 Pac. 1166; *Bernard v. North Yakima,* 80 Wash. 472, 141 Pac. 1034. Counsel for the city concede this to be the law, but insist that the remarks of the trial judge above quoted show an abuse of discretion on his part, in that he refused to set aside the verdict and grant a new trial notwithstanding his expressed opinion that the verdict was excessive. This court has consistently adhered to the doctrine that a trial judge is not required to grant a new trial merely because he entertains a view differing from that of the jury as to what the verdict should be. *Tacoma v. Tacoma Light & Water Co.,* 17 Wash. 458, 50 Pac. 55; *Suell v. Jones,* 49 Wash. 582, 96 Pac. 4; *Kincaid v. Walla Walla Valley Traction Co.,* 57 Wash. 334, 106 Pac. 918, 135 Am. St. 982; *In re Renton,* 61 Wash. 330, 112 Pac. 348; *Franey v. Seattle Taxicab Co.,* 80 Wash. 396, 141 Pac. 890.

Counsel for the city insist that these remarks of the trial judge bring this case within the rule of the decisions of this court in *Tacoma v. Tacoma Light & Water Co.,* 16 Wash. 288, 47 Pac. 738; *Clark v. Great Northern R. Co.,* 37 Wash. 537, 79 Pac. 1108; *Cranford v. O'Shea,* 75 Wash. 33, 134 Pac. 486; and *Brown v. Walla Walla,* 76 Wash. 670, 136 Pac. 1166. The *Tacoma Light & Water Co.* case was overruled upon rehearing (17 Wash. 458, 50 Pac. 55). The *Clark* case does seem to contain observations of the court lending some support to the contentions of counsel for the city here made, but that case, as noticed in *In re Renton, supra,* dealt with remarks of the trial judge which indicated that he made his ruling because of his belief that he lacked power to grant a new trial where the verdict was contrary to the weight of the evidence. Referring to the *Clark* case, and also to the *Cranford* and *Brown* cases, in *Franey v. Seattle Taxicab Co., supra,* we said:

"Those were cases where the trial court thought a new trial should be granted but that it had no power to grant a new trial. But we held otherwise, and said that the court should have exercised its judgment and granted a new trial; that it had authority so to do. The granting or refusing of a new trial, where there is conflicting evidence, is discretionary with the trial court. The mere fact that the judge's opinion differs from the opinion of the jury as expressed by the verdict, does not necessarily require him to grant a new trial."

Now, looking to the whole of the learned trial judge's remarks in this case, we do not think that they can be viewed as expressing an opinion on his part that he lacked power to grant a new trial upon the ground here urged. It is true he expressed the view that he did not agree with the jury on the question of the amount of the award to respondent. But that is not of itself sufficient to require him to grant a new trial. Besides, his closing remark, that "the jury were careful in their deliberation before they rendered their verdict," plainly indicates that the trial judge did not believe that the amount of the award was "given under the influence of passion or prejudice," which is an element of this statutory cause for new trial. Rem. & Bal. Code, § 399, subd. 5 (P. C. 81 § 729). We conclude that the discretion to be exercised by the trial court in disposing of a motion for new trial upon this ground was not abused in this case. We may add that a review of the evidence as found in the abstracts leads us to the same conclusion, though counsel for the city do not argue that phase of the case.

Some contention is made that the trial court erred in refusing to open the case for further evidence after both parties had rested. The introduction of evidence was concluded, and both parties rested at the adjournment of court on Friday evening, when the cause was continued for argument and instructions to the jury, until the following Monday morning. At the opening of court on Monday, counsel for the city stated to the court:

"I offer to prove that on the 20th day of March, or thereabouts, 1914, the home of the plaintiff herein burned, on account of a lamp explosion; and we offer this for the purpose of proving that it materially affects the nervous condition of this plaintiff at the present time."

This offer was refused by the court. The record shows nothing else whatever in the way of a showing by counsel for the city then made, entitling him to the privilege asked. The court was clearly warranted in refusing the offer at that time, for want of a showing that the offered evidence was newly discovered or its introduction inadvertently overlooked before the city rested. We cannot say, from the record before us, that the court even abused its discretion in excluding the offered evidence on the grounds of its immateriality, should such be regarded as the court's only reason for its exclusion.

Some contention is made that the court erred in refusing to grant a new trial on the ground of newly discovered evidence, that being one of the grounds stated in the motion. No affidavit or evidence of any nature is brought here by bill of exception or statement of facts supporting the motion on this ground. The argument of counsel proceeds upon the theory that affidavits in support of this ground of the motion were filed, but they are not made of record in such manner as to show that the trial court ever saw them. Hence we cannot consider them. *Congdon v. Aumiller*, 79 Wash. 616, 140 Pac. 912.

The judgment is affirmed.

CROW, C. J., GOSE, and CHADWICK, JJ., concur.

MORRIS, J. (concurring)—As I view it, the verdict of a jury as to the amount of damages to be awarded in a given case is conclusive, unless the trial judge is of the opinion that the amount awarded is clearly contrary to the weight of the evidence, in which case it is his duty to set it aside. The trial judge does not so express himself in this case, but

merely holds that, in his judgment, the verdict is excessive. Before a verdict case can be disturbed by us, the trial judge must go further and indicate his judgment that the verdict is not only excessive but contrary to the weight of the evidence. Having failed so to do in this case, the verdict must stand. I therefore concur.