[No. 12814.  Department Two.  September 17, 1915.]

THE STATE OF WASHINGTON, *Respondent*, v.

JOHN ARMSTRONG, *Appellant*.[1]

RAPE—CARNAL KNOWLEDGE OF CHILD—PREGNANCY—MATERIALITY.
Upon the trial of a charge of carnal knowledge of a child under the
age of fifteen years, it is not error to refuse to appoint physicians
to make a physical examination to determine whether the prosecutrix
was pregnant, and, if so, whether conception took place after the
time of the alleged offense; since it could not disprove the charge.

APPEAL—RECORD—STATEMENT OF FACTS—AFFIDAVITS.  Affidavits in
support of a motion for a new trial cannot be considered on appeal
unless made a part of the record by bill of exceptions or statement
of facts.

Appeal from a judgment of the superior court for Colum-
bia county, Miller, J., entered November 25, 1914, upon a
trial and conviction of rape.  Affirmed.

*Gose & Crowe* and *A. F. Appleton*, for appellant.

*R. M. Sturdevant*, for respondent.

MAIN, J.—On October 3, 1914, the defendant in this case
was, by the prosecuting attorney of Columbia county,
charged, by information, with the crime of carnally knowing
a female child of the age of fifteen years.  After the informa-
tion was filed, the defendant was arrested and taken into
custody.  Thereafter, and on the 18th day of November,
1914, the cause was tried, and resulted in a verdict of guilty.

The evidence on behalf of the state was to the effect that
the crime with which the defendant was charged was com-
mitted on the 19th day of April, 1914.  It appeared from
the evidence that the complaining witness, at the time of the
trial, was enceinte.  When evidence of this fact appeared,
counsel for the defendant moved the court to appoint two dis-
interested physicians to make an examination of the com-
plaining witness to ascertain if she was in fact pregnant,

[1]Reported in 151 Pac. 775.

and the probable length of time that had elapsed since conception took place. This motion was denied. On the 21st day of November, 1914, the defendant moved for a new trial upon the ground, among others, of newly discovered evidence. This motion was denied on the 25th day of November, 1914. Judgment was entered upon the verdict, and the defendant was sentenced to the state penitentiary. On the 1st day of December, 1914, notice of appeal was filed and served upon the prosecuting attorney. The statement of facts was settled and certified by the trial judge on the 15th day of March, 1915. Two or three weeks subsequent to the time when the statement of facts was settled and certified by the trial judge, the defendant filed affidavits in support of his motion for a new trial upon the ground of newly discovered evidence.

It is first claimed that the trial court abused its discretion in refusing to appoint two disinterested physicians to examine the complaining witness for the purpose of ascertaining her condition. In support of this claim, a large number of authorities are cited. Without reviewing these authorities in detail, it may be said that many of them are cases where it was held that it was not error for the trial court to appoint a commission composed of disinterested physicians for the purpose of examining the plaintiff in personal injury actions. In this case, the state—not the complaining witness—is the party plaintiff in the action. In none of the cases cited is it held that it is an abuse of discretion on the part of the trial court to refuse to appoint a commission of physicians to examine a complaining witness in a criminal action. Whether the court would have the power to appoint such a commission in any case, we need not here inquire. In the present case, it is obvious that the trial court did not err in refusing to appoint a commission. The crime with which the appellant was charged was that of carnal knowledge of a child. To support such a charge, it is not necessary that the evidence show that pregnancy resulted from the intercourse. Rem. & Bal. Code, § 2436 (P. C. 135 § 367). If a commission had been ap-

pointed, and the complaining witness had consented to the examination, and thereafter the members of the commission had testified upon the trial that she was not pregnant, or if pregnant, that conception took place subsequent to the time when it was alleged that the crime was committed, this would not have disproved the charge against the appellant.

From the facts above stated, it appears that the affidavits filed by the appellant in support of his motion for a new trial were not made a part of the record either by bill of exceptions or statement of facts. The appellant, in his brief, referring to these affidavits, states: "These affidavits are part of the record without being brought into the statement of facts." In support of this contention, the case of *Anderson v. State*, 2 Wash. 183, 26 Pac. 267, is cited. That case was based upon the act of February 3, 1886 (Laws of 1885-86, p. 72). By act of the legislature of March 22, 1890, the act of February 3, 1886, was repealed. (Laws of 1889-90, p. 336). *Emigh v. State Ins. Co.*, 3 Wash. 122, 27 Pac. 1063.

It follows that the case of *Anderson v. State* has long since ceased to be an authority upon the proposition in support of which it is cited. It has been repeatedly held by this court that affidavits in support of a motion for a new trial cannot be considered upon appeal unless they are made a part of the record by a bill of exceptions or a statement of facts. *State v. Stapp*, 65 Wash. 438, 118 Pac. 337; *Hale v. City Cab, Carriage & Transfer Co.*, 66 Wash. 459, 119 Pac. 837; *State v. Moran*, 66 Wash. 588, 120 Pac. 86; *Gazzam v. Zimmer*, 68 Wash. 41, 122 Pac. 366; *Stern v. Spokane*, 73 Wash. 118, 131 Pac. 476, 46 L. R. A. (N. S.) 620; *Norton v. Pacific Power & Light Co.*, 79 Wash. 625, 140 Pac. 905; *Ritter v. Seattle*, 82 Wash. 325, 144 Pac. 61; *Van Dyke v. Johnson*, 82 Wash. 377, 144 Pac. 540.

The judgment will be affirmed.

MORRIS, C. J., FULLERTON, and ELLIS, JJ., concur.