[No. 7534.   Decided May 6, 1909.]

J. S. BROWN & BROS. MERCANTILE COMPANY, *Respondent*, v. W. H. SHERROD *et al.*, *Appellants.*[1]

EVIDENCE—WEIGHT AND SUFFICIENCY.   The undisputed testimony of an interested party is not conclusive or binding upon the court.

APPEAL—REVIEW—FINDINGS.   Findings will not be disturbed because contrary to the undisputed evidence of an interested party where the same was not reasonable or in harmony with established facts, and the trial judge had opportunity to pass upon his credibility.

Appeal from a judgment of the superior court for King county, Tallman, J., entered January 7, 1908, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action on a promissory note. Affirmed.

*Totten & Rozema,* for appellants.

*Leopold M. Stern,* for respondent.

CROW, J.—This action was commenced by J. S. Brown & Bros. Mercantile Company, a corporation, against W. H. Sherrod and Mildred Sherrod, to recover on a promissory note. From a judgment in favor of the plaintiff, the defendants have appealed.

There is no material dispute on any questions of law, although some are discussed in the briefs.   The controlling

[1]Reported in 101 Pac. 481.

assignment of error is that the findings are not sustained by the evidence, but we conclude they are sustained by its clear preponderance.    The note was originally executed in Colorado by The W. H. Sherrod Mercantile Company, a corporation, was payable one day after date, and was indorsed by the appellants W. H. Sherrod and Mildred Sherrod.    The respondent alleged, and introduced evidence to show, that it was executed by the maker for the accommodation of appellants, who were then residents of the state of Colorado, officers of, and owners of the capital stock of, The W. H. Sherrod Mercantile Company; that they indorsed their names on the note at the time of its execution as a part of the same transaction, and before its delivery; that each of them knew and understood the note would not be paid at maturity; that they agreed it should not be presented to the maker for payment when due; that immediately after its execution they left the state of Colorado; that as soon as possible respondent, exercising due diligence, notified appellants that the note had not been paid; that thereafter each of them in writing notified respondent it would be paid by the appellant W. H. Sherrod; that under the laws of Colorado introduced in evidence, notice of dishonor to appellants as indorsers was unnecessary, and that they were not discharged from liability.

Appellants insisted that they were only indorsers for The W. H. Sherrod Mercantile Company; that they indorsed the note on the day of its execution but after its delivery; that it was not executed and delivered for their accommodation; that under the laws of Colorado they were entitled to notice of dishonor, and that they had been discharged from liability for the want of such notice.    Their principal argument is that the trial court should have accepted and credited the evidence of W. H. Sherrod, which they claim was undisputed and in which he testified to his version of the actual transaction between the parties.    He was a party directly interested in the result of this action.    Courts and juries are not compelled to accept the undisputed testimony of an interested

party if it does not appear to be credible.  *Coey v. Darknell,* 25 Wash. 518, 65 Pac. 760; *Keene v. Behan,* 40 Wash. 505, 82 Pac. 884.

In *Gosline v. Dryfoos,* 45 Wash. 396, 399, 88 Pac. 634, we said:

"It is a well-established principle of law that neither courts nor jurors are bound by the uncontradicted testimony of an interested party when such testimony, upon being carefully weighed, does not commend itself as worthy of belief.  If by reason of improbable and inconsistent statements, the testimony of an interested party appears to be lacking in the element of truthfulness, courts and jurors may, in their discretion, reject the same.  This is undoubtedly what the trial court did in weighing the appellant's sworn statement, and its right to so proceed has been recognized by this court."

The evidence mentioned does not impress us as reasonable or credible.  It is not consistent or in harmony with established and admitted facts and circumstances pertaining to the execution of the note and surrounding the parties.  The trial court saw the appellant, heard him testify, was in a position to pass upon his credibility, and evidently rejected his statements as unworthy of belief.

We find nothing in the record to justify us in disturbing the findings.  The judgment is affirmed.

MOUNT, PARKER, DUNBAR, and CHADWICK, JJ., concur.