[No. 8686.　Department One.　May 27, 1910.]

CITY NATIONAL BANK OF LAFAYETTE, *Respondent*, v. S. L. MASON *et al.*, *Appellants*.[1]

BILLS AND NOTES—ACTION BY INDORSEE—DEFENSES—FRAUD—BURDEN OF PROOF. In an action by an indorsee upon a promissory note given for the purchase price of a horse, defended on the ground of fraud and breach of warranty, in which plaintiff relied upon a prima facie case without proof of the manner of acquiring the note, sufficient evidence that the payee procured the note and a waiver of the warranty by fraud shifts the burden to the plaintiff to establish that it is a holder in due course.

Appeal from a judgment of the superior court for Pierce county, Shackleford, J., entered December 8, 1908, in favor of the plaintiff, upon withdrawing the case from the jury at the close of the evidence, in an action on a promissory note. Reversed.

*Lorenzo Dow*, for appellants.

*Raymond J. McMillan*, for respondent.

MORRIS, J.—Respondent, claiming to be the holder, seeks recovery upon a promissory note given by appellants to J. Crouch & Son, as part of the purchase price of a stallion. The answer sets up fraud and misrepresentations in the obtaining of the note; that its consideration was the purchase of a stallion for breeding purposes, and that there was an express warranty that the stallion was fit for breeding purposes; that, at the time of the sale and warranty, the horse was diseased in his reproductive organs, and was incapable of

[1]Reported in 108 Pac. 1071.

begetting colts; that the disease was of a latent nature, un-known to appellants, and such as an inspection of the horse by them would not determine, but that the defect was fully known to the vendors; that this diseased condition was fraudulently concealed from appellants, and that they purchased the horse and executed the note upon full reliance upon the warranty. Facts are then set forth to show the breach of the warranty, the diseased condition of the horse long prior to the sale, the knowledge of the vendors as to this condition, and that the note was transferred to plaintiff by J. Crouch & Son with full notice of the defense.

The evidence fully establishes the fact that the horse was diseased and worthless for breeding purposes. The court, however, was of the opinion that appellants had waived the warranty by signing a writing which purports to be such a waiver, and took the case away from the jury upon plaintiff's motion, and entered judgment. We think this was error. There is, to our mind, sufficient evidence to submit the question of fraud in the obtaining of both the note and the so-called waiver. Plaintiff relied upon a *prima facie* case, and gave no evidence of the manner, time, or consideration of its purchase of the note. If, however, there was any evidence to show that J. Crouch & Son obtained the note and the waiver of warranty by fraud, then the burden shifted to the plaintiff to show it was a holder in due course. As before intimated, we think the evidence of fraud on the part of J. Crouch & Son was sufficient to carry the case to the jury, and that the court erred in not so ruling.

Reversed and remanded for new trial.

Rudkin, C. J., Chadwick, Fullerton, and Gose, JJ., concur.