[No. 8614.    Department Two.    June 24, 1910.]

K. GOTTSTEIN, *Respondent*, v. GEORGE SIMMONS, *Appellant*.[1]

NEGOTIABLE INSTRUMENTS— ACTION—BY INDORSEE— DEFENSES— FRAUD—HOLDER IN DUE COURSE—BURDEN OF PROOF. In an action by an indorsee of a note given for the purchase price of fixtures, evidence that the maker procured the note by fraud and removed and refused to deliver the fixtures, and that when the note was presented by a bank for payment after maturity, it did not have any indorsements thereon, is sufficient to put the plaintiff upon proof that he was a holder in good faith before maturity.

APPEAL—RECORD—PRESERVATION OF GROUNDS—EXCEPTIONS. An exception to the direction of a verdict is sufficiently shown where the statement of facts shows the making and granting of the motion, and the clerk's journal entry recites that the motion was granted and exception allowed.

SAME—EXCEPTION—WRITTEN ORDERS. Under Rem. & Bal. Code, § 382, it is not necessary to take an exception to the direction of a verdict where the order was embodied in a written journal entry.

[1]Reported in 109 Pac. 596.

Appeal from a judgment of the superior court for King county, Tallman, J., entered October 15, 1909, upon the verdict of a jury rendered in favor of the plaintiff, by direction of the court, in an action upon a promissory note. Reversed.

*Aust & Terhune*, for appellant.

*Leopold M. Stern* (*J. W. Russell*, of counsel), for respondent.

PARKER, J.—This is an action upon a promissory note. The defense is based upon alleged fraud in the procuring of the note and failure of consideration. At the close of defendant's evidence offered in support of his affirmative defense, the court, upon motion of counsel for plaintiff, directed the jury to render a verdict in plaintiff's favor. Verdict and judgment were entered accordingly, and upon the denial of defendant's motion for a new trial, he appealed to this court.

The complaint is in usual form and alleges:

"That said promissory note is in words and figures as follows, to wit:

" '$400.00    Seattle, Wn., Nov. 23, 1908    30 days after date I promise to pay to the order of A. Gottstein four hundred dollars at his office. Value received. Due 12, 23, 08. George Simmons.'

"That the said note was, by endorsement of the payee, A. Gottstein, transferred to one J. Seigel.

"That the said note was, by the endorsement of the said J. Seigel, transferred to the plaintiff.

"That the plaintiff is now the holder and owner of said note."

The answer admits the making of the note; and as an affirmative defense alleges, in substance, that on the 23d day of November, the date of the note, one L. I. Hoffman falsely, and with intent to cheat and defraud defendant, represented to defendant that he was the owner of the Novelty Skirt Manufacturing Company, and of the location, lease, furnishings and fixtures of the store occupied by it in Se-

attle; that defendant, relying upon such representations and believing them to be true, did on that day agree to purchase from Hoffman, and Hoffman then and there agreed to sell and deliver to defendant, the location, lease, and fixtures in said store, for the sum of $500, $100 in cash, and the balance of $400 to be paid in thirty days; that relying upon such representation, defendant gave to Hoffman his check in the sum of $100, and signed and delivered to Hoffman the note sued upon, said Hoffman agreeing to vacate the store immediately and give defendant possession thereof together with the fixtures; that, with intent to cheat and defraud defendant, Hoffman caused said note to be made payable to the order of A. Gottstein, with full knowledge and consent of Gottstein, and without any consideration moving from Gottstein to appellant; that on the same day, in violation of said agreement, and in furtherance of his intention to cheat and defraud defendant, Hoffman removed from said store the fixtures and furnishings so agreed to be sold; that about the 25th day of November, 1908, a petition in bankruptcy was filed against said Novelty Skirt Manufacturing Company, and it was thereafter duly adjudged a bankrupt; that neither Hoffman nor Gottstein have ever returned any of said fixtures to appellant; that the reasonable value of the fixtures so removed is $400; that after the date of the maturity of the note, it was transferred by Gottstein without consideration to J. Seigel, who took the same with notice of all the facts alleged; and that thereafter Seigel without consideration transferred the note to plaintiff, who took the same with notice of all the facts alleged. These affirmative allegations are denied by the reply.

The learned trial court having ruled that, under the issues, the burden of proof was upon the defendant, his counsel excepted to the ruling and introduced evidence in support of the affirmative defense. Without attempting to review this evidence in detail, it is sufficient to say that it was, in our opinion, ample, if believed by the jury, to warrant the con-

clusion that the note was procured by fraudulent representa-
tions, and that at least almost the whole of the consideration
for which it was given was fraudulently withheld from appel-
lant.   Appellant also testified that, about the 26th or 28th
day of December, after maturity of the note, it was presented
to him for payment by a messenger of the Puget Sound Na-
tional Bank; that appellant then looked at the note both upon
its face and back, and that it had no endorsements thereon
indicating a transfer.   There was no evidence offered as to
either Seigel or the respondent having knowledge of the al-
leged fraudulent acts in connection with the making of the
note.   Respondent offered no evidence whatever, but moved
the court for a directed verdict in his favor, which after argu-
ment of counsel was granted.   This, it is contended by coun-
sel for appellant, was erroneous, and is the principal error
relied upon for reversal.

We are of the opinion that the learned trial court com-
mitted an error in taking the case from the jury, especially
in view of the evidence tending to show that the note was not
transferred to either Seigel or respondent until after matur-
ity; and even assuming that the evidence was not sufficient to
warrant the conclusion that it was transferred after maturity,
still appellant, having made sufficient showing of fraud and
failure of consideration attending the giving of the note to
entitle him to have those questions submitted to the jury, he
was not required to go further in order to make a *prima facie*
case.   If his evidence was sufficient to induce the jury to
find for him upon these questions, and the respondent offered
no evidence to show transfer of the note before maturity and
his good faith in acquiring it, then appellant would be en-
titled to a verdict in his favor.   *Keene v. Behan,* 40 Wash.
505, 82 Pac. 884; *Ireland v. Scharpenberg,* 54 Wash. 558,
103 Pac. 801; *City Nat. Bank v. Mason,* 58 Wash. 492,
108 Pac. 1071.

Learned counsel for respondent contends that appellant is
not entitled to have the alleged error of the court in directing

a verdict reviewed here because such action of the court was not duly excepted to. It is true the statement of facts does not show a formal exception to the court's order directing the verdict. It does show, however, the making of the motion, argument of counsel and granting of the motion; and the record of the trial entered by the clerk in the journal, after referring to the motion, proceeds, "Motion granted and exception allowed. Whereupon the jury brought in the following verdict, to wit: . . . " This we think shows a sufficient exception, even conceding an exception was necessary. We think, however, it was not necessary in view of section 382, Rem. & Bal. Code, the order being embodied in a written journal entry.

We find no other prejudicial error in the record likely to occur upon a new trial. The judgment is reversed, with directions to grant appellant's motion for a new trial.

RUDKIN, C. J., DUNBAR, MOUNT, and CROW, JJ., concur.