[No. 12062. Department One. January 5, 1915.]

MORRIS LEBOVITZ *et al., Respondents,* v. THEODORE
COGSWELL *et al., Appellants.*[1]

ACTIONS—MISJOINDER OF PARTIES—COMMON INTEREST IN CAUSE.
Plaintiffs have a common interest in a cause of action for fraud, un-
der Rem. & Bal. Code, § 189, providing for joinder of plaintiffs in
such case, and there is no misjoinder of parties, where they were
induced by one of the defendants to take an interest in three sec-
tions of timber lands, each taking title to one of the sections and
holding as tenants in common; Id., § 406, providing that judgment
may be given for or against one or more of the several plaintiffs and
for or against one or more of the several defendants.

APPEAL—RECORD—STATEMENT OF FACTS—NECESSITY—CERTIFICATE.
The sufficiency of the evidence to support the verdict cannot be con-
sidered in the absence of a properly certified statement of facts; and
it is not sufficient to certify that the matters and proceedings em-
bodied in the bill are matters and proceedings occurring in the
cause, and that the attached exhibits were all the exhibits "ad-
mitted upon the trial of said cause."

TRIAL—VERDICT—SEVERAL VERDICTS. In an action by plaintiffs.
having a common interest in a cause of action for damages for
fraudulent representations, the jury may be instructed to return a
several verdict as to each plaintiff, under Rem. & Bal. Code, § 364,
authorizing the courts to direct special verdicts or findings upon par-
ticular facts.

APPEAL—REVIEW—HARMLESS ERROR. Any error in directing sev-
eral verdicts for two plaintiffs instead of a joint verdict for the
aggregate sum, is harmless.

APPEAL—RECORD—AFFIDAVITS. Affidavits upon a motion for a
new trial cannot be considered unless included in the statement of
facts.

Appeal from a judgment of the superior court for King
county, Myers, J., entered December 1, 1911, upon the verdict
of a jury rendered in favor of the plaintiffs, in an action
in tort. Affirmed.

*John T. Casey,* for appellants.

*Geo. B. Cole* and *John Wesley Dolby,* for respondents.

[1]Reported in 145 Pac. 212.

Gose, J.—This is an action to recover damages because of fraud which it is alleged was practiced upon the plaintiffs by the defendants in the sale of three sections of timber land. There was a verdict and judgment in favor of the plaintiffs against the defendants Theodore Cogswell and P. H. Casey. The action was dismissed as to all other defendants. Cogswell and Casey have appealed, and will hereafter be referred to as the appellants.

As constituting the fraud, it is alleged, that the appellants agreed between themselves to, and did, represent to the respondents that each of the three sections of timber land contained at least fifteen million feet of good, merchantable timber; that, in furtherance of the fraud, the appellant Casey took the respondent Lebovitz into a timbered section and pointed out to him certain heavily timbered land which he (Casey) represented to be one of the sections; that he told Lebovitz he was well acquainted with the other two sections, and that each thereof contained as much as or more timber than the section shown; that he represented to Lebovitz that none of said timber was situated to exceed two miles from a railroad, and that it could be easily logged and marketed; that the land purchased and the whole thereof was without value and devoid of merchantable timber, which the respondents well knew; that the land shown to the respondent Lebovitz by the appellant Casey was not a part of the land purchased; that the respondents were not familiar with timber lands or their value; that they relied upon and believed the representations made to them by the appellants; that Lebovitz paid to appellant Cogswell upon the purchase price $4,200; that Kronfield paid him the sum of $4,543; that the appellant Casey represented to the respondents, and induced them to believe, that he was paying to Cogswell the sum of $4,368, but that in truth and in fact he did not pay that sum or any sum whatever; that, upon the making of such payments by the respondents, the land was conveyed to the respondents and Casey; that they agreed in writing that Lebovitz should

own an undivided interest in the land to the extent of 600 acres, that Kronfield should own an undivided interest to the extent of 640 acres, and that Casey should own an undivided interest to the extent of 624 acres; and that the property, if it had been as represented by the appellants, would have been of the reasonable value of $60,000.

The case comes to us upon a transcript and a bill of exceptions. The judge who tried the cause certified "that the matters and proceedings embodied in the foregoing bill of exceptions are matters and proceedings occurring in said cause, and the same are hereby made a part of the record therein," and that certain identified exhibits attached to the bill of exceptions were all the exhibits "admitted upon the trial of said cause." The land was conveyed to "Morris Lebovitz, Herman Kronfield, and Patrick Casey" by three warranty deeds. One of these deeds conveyed section 5, another conveyed section 7, and the other conveyed section 15, to the parties as above named.

At the close of respondents' evidence, the appellants moved for a nonsuit, on the ground (1) that there was a misjoinder of plaintiffs, that the action was joint, and that the evidence showed, if there was any cause of action for damages, it was a several cause of action in favor of each of the plaintiffs; (2) insufficiency of the evidence to support the verdict.

The first error assigned is that the respondents cannot jointly prosecute the action. Our statute, Rem. & Bal. Code, § 189 (P. C. 81 § 27), provides that those having a common interest in a cause of action shall be joined as plaintiffs. Section 406, Rem. & Bal. Code (P. C. 81 § 745), provides that judgment may be given for or against one or more of several plaintiffs and for or against one or more of the several defendants. We think the respondents have a common interest in the cause of action within the meaning of the statute. *Snyder v. Harding*, 34 Wash. 286, 75 Pac. 812.

In that case, a husband and wife and a third party brought an action to recover the possession of real estate and to quiet

title. They alleged that the defendant wrongfully entered into the possession of the land, that he wrongfully held it and claimed some interest therein which was unfounded and without right. It was urged that the plaintiffs did not own the premises in dispute "by unity of title, and that they had no common right to maintain the action." The court held that the several rights of action arose from a common cause, were governed by the same legal rule, and that the whole matter could be settled in a single suit. It does not appear in that case whether the plaintiffs had acquired title by one instrument or more, nor does it appear whether the third party acquired his interest in the property at the same time that the husband and wife acquired their title, or by the same instrument. In the instant case, the land was conveyed to the three parties as tenants in common. It is true that the respondents did not each contribute the same amount of money in the purchase of the property. The statute, however, does not require that the interests of the plaintiffs shall be equal, but that there shall be a common interest in the cause of action.

The appellants cite in support of this contention *Utterback v. Meeker*, 16 Wash. 185, 47 Pac. 428, and *Johnson v. Seattle Elec. Co.*, 39 Wash. 211, 81 Pac. 705. In the *Utterback* case, there were thirteen plaintiffs, each claiming to be lawfully in possession of distinct and different pieces of land, consisting of town lots in different additions to the town of Puyallup. Some of the plaintiffs had merely individual contracts of purchase. Other plaintiffs claimed in virtue of deeds of general warranty by which each held in severalty several distinct parcels of land. The action was brought to remove a cloud upon the titles of the several plaintiffs. The defendants demurred to the complaint upon the ground, among others, that several causes of action had been improperly united. In addressing itself to these facts, the court said:

"Briefly stated, what is attempted here is to unite in one action several distinct and separate causes of action existing

in favor of distinct parties, whose interests are several, and neither of whom has any interest in the cause of the others."

In the *Johnson* case, a surviving husband and minor son of the deceased jointly brought an action to recover damages on account of the death of the wife and mother. It was held that the husband had no cause of action for the loss of his wife; that he was entitled to recover the amount he had paid for funeral expenses, but that he could not join his cause of action with the action on behalf of the minor child for the loss of the mother. The two causes of action were distinct, one in favor of the husband against the party who had negligently caused the death of his wife, for funeral expenses which he had paid; the other the statutory action of the minor child for the loss of the mother. It is obvious that there was nothing in common between the two causes of action.

It is argued that the evidence does not support the verdict. That question we cannot consider, in the absence of a properly certified statement of facts. *International Development Co. v. Sanger,* 75 Wash. 546, 135 Pac. 28; *Beall & Co. v. O'Connor,* 78 Wash. 651, 139 Pac. 605; *Powers v. Washington Portland Cement Co.,* 79 Wash. 1, 139 Pac. 615; *Agens v. Powell,* 79 Wash. 131, 139 Pac. 873; *Mattson v. Eureka Cedar Lumber & Shingle Co.,* 79 Wash. 266, 140 Pac. 377; *Thurman v. Kildall,* 80 Wash. 283, 141 Pac. 691.

The jury was instructed to, and did, return a several verdict in favor of each of the respondents. This is assigned as error. We think the practice followed by the court was warranted by the provisions of Rem. & Bal. Code, § 364 (P. C. 81 § 635). In any event, if it was error, it was technical error and without prejudice to the appellants. It could make no difference to the appellants whether the verdicts were several, or whether there was a joint verdict in favor of the respondents for the aggregate amount of the two verdicts.

It is argued that the court erred in denying the appellants' motion for a new trial. It is said that this was error because of matter contained in the affidavit of two jurors. The

affidavit appears only in the clerk's transcript. Under the authorities cited, the affidavit cannot be considered. In *Powers v. Washington Portland Cement Co.,* we said:

"The affidavits which were filed in support of this motion were brought to this court in the clerk's transcript, and are not included in the statement of facts certified by the trial judge. Under the doctrine frequently announced in the decisions of this court, they cannot be here considered. It has repeatedly been held that affidavits which were used during the progress of the trial in the superior court to establish or dispute a fact, cannot be considered unless they are included in the statement of facts or bill of exceptions, and by certificate of the trial judge made a part of the record;"

citing numerous cases from this court. In the case at bar, the affidavit is not included in the statement of facts, nor is it referred to in the certificate of the trial judge. It is not even referred to in the motion for a new trial. The record is silent as to whether the affidavit was called to the attention of the court. It is not referred to in the judgment overruling the motions for a new trial.

Other errors assigned which go to the merits upon the evidence cannot be considered, in the absence of all the evidence which was submitted to the jury and which influenced the court in entering a judgment upon the verdicts. The judgment is affirmed.

CROW, C. J., CHADWICK, PARKER, and MORRIS, JJ., concur.