[No. 12249.  Department Two.  May 12, 1915.]

E. C. Rohweder, *Appellant*, v. Stanley H. Titus, *Respondent.*[1]

Bills and Notes—Actions—Question for Jury—Holder in Due Course.  In an action on a promissory note, whether plaintiff was a holder in due course is a question for the jury, where his claim depended upon the credibility of his testimony, which was disputed by the circumstances, such as his purchase of the note without inquiry into the solvency of the maker or calling upon him personally, and uncertainty in his testimony as to whether the check given by him to the payee of the note was for the note or some other business transaction.

Appeal—Harmless Error—Prejudicial to Respondent.  Error prejudicial to respondent in the admission and exclusion of evidence cannot be taken advantage of by appellant.

Same—Conduct of Trial—Argument of Counsel.  Misconduct of counsel in argument to the jury is not prejudicial error, where the trial court cautions the jury to decide the issues upon the evidence and not upon the statements of counsel.

Appeal from a judgment of the superior court for Spokane county, Sullivan, J., entered January 5, 1914, upon the verdict of a jury rendered in favor of the defendant, in an action on a promissory note.  Affirmed.

*Samuel Edelstein*, for appellant.

*Harry L. Cohn* and *Rosenhaupt & Grant*, for respondent.

Crow, J.—Action to recover on a promissory note.  From a verdict and judgment in defendant's favor, the plaintiff has appealed.

The controlling questions presented by appellant's assignments of error are whether the trial court erred in overruling his motions for a directed verdict and for a judgment *non obstante*.  The note was executed and delivered to the L. D. McCarthy Auto Company, a corporation, by respondent, for $2,100, on January 2, 1912, and fell due on May 15, 1912.

[1]Reported in 148 Pac. 583.

Appellant alleged that he purchased the note for value before maturity, and that he is a holder in due course. Respondent denied these allegations, and for an affirmative defense pleaded payment to the original payee. Upon these pleadings the controlling issues were, (1) whether the appellant was a holder in due course, and (2) whether respondent had paid the note.

Appellant's contention, in effect, is that the undisputed evidence shows him to be a holder in due course. He testified that he purchased the note for $1,950, on January 18, 1912, and produced his canceled check for that amount and of that date, and in answer to the question whether he gave the check for the note, replied: "I think so." He further testified that he had written respondent a letter on May 2, 1912, advising him of the fact that he held the note, and produced what purported to be a letter press copy. This copy is on a single sheet of paper. No statement was made as to whether it was taken from a letter copybook, or from what source it came.

On cross-examination, appellant admitted, that he was interested in the McCarthy Auto Company; that he was at one time a stockholder, and had represented it as a selling agent, and that he had purchased other notes from it. He stated, that he did not know respondent when he purchased the note; that he made no inquiry relative to him or his financial standing, although he lived in Spokane; that he never went to see him about the note; that he wrote him on one or two occasions; that he received no answers; that he went to the auto company for payments on the note; that he commenced this suit more than one year after the note had matured, and that he did not know respondent at the time of the trial. He admitted a payment of $200 on the note, which was credited under date of January 18, 1913. This payment he said was turned over to him by the manager of the McCarthy Auto Company, of whom he demanded payment. It appeared in evidence that, prior to the commencement of this action,

the auto company had gone out of business; that it was insolvent, and that its manager had left for parts unknown. In any event, no one appeared at the trial for or on behalf of the auto company. Appellant further claimed that he left the note with a Spangle bank as collateral security for a debt which he owed. The cashier of the bank testified that, on May 1, 1912, he mailed to respondent a notice that the bank held the note, producing what he testified on his examination in chief was a copy. On his cross-examination, however, he testified that he had made the copy, not at the time it bore date, but from memory, about one month before the trial; that the bank did not own the note; that it did not hold it as collateral security; that appellant simply requested him to hold the note, and that when the bank took a note in the regular course of collection, its custom was to make some notation thereon to agree with a number in the bank. The original note which is before us discloses no such notation, nor has it any mark of identification to show that it was ever in any bank.

Respondent denied that he received any notice from appellant or from the bank; stated that he had paid the note in full to the original payee, part of the payment being made before maturity; that he did not hear of appellant's claim of ownership until long after the note had been paid, or until just a short time prior to the commencement of this action, and that the payee did not surrender the note to him when payment was made, but promised to do so.

It is apparent that to sustain appellant's motion for judgment it would be necessary to find that he purchased the note before maturity, for value, and was a holder in due course. This could be established by his evidence only. The question whether the check was given for the note or for some other business transaction between him and the auto company depended upon the credibility of his evidence. The circumstances under which he admits purchasing the note, without making any inquiry into the solvency of the maker and

without seeing or calling upon him personally, were for the consideration of the jury. He was an interested party and, under repeated holdings of this court, his credibility and the truthfulness of his statements, although undisputed by the evidence of any witness, were for the consideration of the jury. *Coey v. Darknell*, 25 Wash. 518, 65 Pac. 760; *Keene v. Behan*, 40 Wash. 505, 82 Pac. 884; *Gosline v. Dryfoos*, 45 Wash. 396, 88 Pac. 634; *Brown & Bros. Mercantile Co. v. Sherrod*, 53 Wash. 132, 101 Pac. 481; *Ireland v. Scharpenberg*, 54 Wash. 558, 103 Pac. 801; *Gottstein v. Simmons*, 59 Wash. 178, 109 Pac. 596.

In *Union Inv. Co. v. Rosenzweig*, 79 Wash. 112, 139 Pac. 874, we said:

"In the record before us, as we have said, there is no direct evidence that disputes the appellant's claim that it is a holder of the note in due course. There are, however, circumstances which seemingly dispute the claim, and which to our minds justified the court in submitting the question to the jury."

So, here, there seem to be circumstances surrounding these parties which tend to dispute appellant's claim. The question whether appellant purchased the note for value and before maturity was properly submitted to the jury. The verdict shows that the jurors, who saw appellant, observed his demeanor, and heard him testify, refused to credit his statements, and that they did credit respondent's statements relative to his payment of the note. We have read the entire statement of facts, with the result that we conclude the evidence is of such a character that minds of reasonable men might readily differ upon the issue whether appellant was a holder in due course, and whether respondent paid the note. This being true, the cause was for the jury, and the trial court committed no error in denying the motions for a directed verdict and for judgment *non obstante*.

Appellant has predicated assignments of error upon the admission and exclusion of evidence. We find no error in this regard, unless it was error prejudicial to the respondent,

of which the appellant cannot complain. Appellant further contends that respondent's counsel was guilty of such misconduct in his argument to the jury as to demand a new trial. We have read the argument of counsel and are unable to find any just cause of complaint. In any event, the trial court cautioned the jury to decide the issues upon the evidence and not upon the statements of counsel.

The judgment is affirmed.

MORRIS, C. J., ELLIS, FULLERTON, and MAIN, JJ., concur.