[No. 14316.  Department One.  January 10, 1918.]

E. V. KUYKENDALL et al., Respondents, v. WILLIAM LAMBIE, Appellant.[1]

APPEAL — RECORD — STATEMENT OF FACTS—AFFIDAVITS.  Affidavits used on a hearing before the court must be brought up on appeal by statement of facts or bill of exceptions.

Appeal from an order of the superior court for Garfield county, Miller, J., entered March 21, 1917, denying an application to vacate a default judgment.  Affirmed.

Ben F. Tweedy, for appellant.

G. W. Jewett and Mack F. Gose, for respondents.

MAIN, J.—The purpose of this action was to recover for professional services rendered defendant and for moneys expended in his behalf.  The summons and complaint were personally served upon the defendant by the sheriff of Garfield county on the 28th day of February, 1916.  The defendant not having appeared, a judgment was taken against him by default on the 20th day of March following.  On April 26, 1916, a petition was filed, supported by affidavits, for the vacation of the judgment.  The plaintiffs answered this petition and supported their answer by affidavit.  Upon the record thus made, the matter was submitted to the trial court on briefs, and resulted in an order denying the application to vacate.  From this order, the defendant and petitioner appeals.

[1]Reported in 169 Pac. 853.

No statement of facts or bill of exceptions has been brought to this court. The affidavits in support of the petition and in resistance thereof are contained in the clerk's transcript. These the respondents move to strike because the including of the affidavits in the transcript does not make them a part of the record on appeal. This motion must be sustained. In a long line of decisions, only a few of the later of which will be here assembled, it has been held by this court that affidavits used upon a hearing before the trial court cannot be here considered unless, by the certificate of the trial judge, they are made a part of the record by being included in the statement of facts or bill of exceptions. It is not sufficient that they may be found in the clerk's transcript. *Thurman v. Kildall*, 80 Wash. 283, 141 Pac. 691; *Van Dyke v. Johnson*, 82 Wash. 377, 144 Pac. 540; *Lebovitz v. Cogswell*, 83 Wash. 174, 145 Pac. 212; *State v. Armstrong*, 87 Wash. 275, 151 Pac. 775.

The affidavits not being properly before us, there is nothing here for review. The judgment will therefore be affirmed.

ELLIS, C. J., FULLERTON, PARKER, and WEBSTER, JJ., concur.