[No. 14748. Department One. August 19, 1918.]

NORRIS-SHORT COMPANY, *Appellant*, v. EVERSON MERCANTILE COMPANY, *Respondent*.[1]

TRIAL—MOTION FOR JUDGMENT—NEW TRIAL. Motions for judgment notwithstanding a verdict or for a new trial should not be granted where reasonable minds might reach different conclusions upon the evidence.

APPEAL—REVIEW—RECORD. In the absence of the affidavits or other evidence used, the denial of a new trial for newly discovered evidence cannot be reviewed on appeal.

Appeal from a judgment of the superior court for Whatcom county, Hardin, J., entered June 12, 1917, upon the verdict of a jury rendered in favor of the defendant, in an action upon contract, after a trial on the merits. Affirmed.

[1]Reported in 174 Pac. 645.

*Will J. Griswold,* for appellant.

*Sather & Livesey,* for respondent.

PARKER, J.—The plaintiff Norris-Short Company seeks recovery of damage which it claims as the result of the failure of the defendant Everson Mercantile Company to deliver to it fifteen tons of potatoes in pursuance of a sale contract therefor, entered into between them. Trial in the superior court for Whatcom county, sitting with a jury, resulted in verdict and judgment in favor of the defendant, from which the plaintiff has appealed to this court.

Appellant rests its claim upon the contract as being wholly in writing, and the failure of respondent to deliver the potatoes within the time specified in the writing, which it claims is a duplicate of the contract, at the time of entering into it. Respondent rests its defense upon the theory that no time of delivery was specified in the written portion of the contract, and that as to the time of delivery the contract was oral. The contract in so far as it was in writing was on a blank printed form and evidently intended to be signed in duplicate, so that each party would have a duplicate. The one retained by appellant now has in the blank space for specifying time of delivery, the words "during January," while that space is left blank in the one retained by respondent. It is claimed by respondent that these words were written in appellant's duplicate after the making of the contract. The potatoes were not delivered in January, but delivery thereof was tendered by respondent later. The time of delivery was not agreed upon specifically in the oral portion of the contract as claimed by respondent to have been made. It became a question of reasonable time for delivery, under the oral portion of the contract as claimed by respondent.

It is first contended in appellant's behalf that the trial court erred in denying its motions for judgment notwithstanding the verdict, and, in the alternative, for a new trial, upon the ground that the evidence calls for the granting of one or the other thereof. A review of the evidence convinces us that it was ample to support the verdict and judgment. The questions of whether or not the written contract specified the time for delivery of the potatoes, and whether or not delivery of the potatoes was tendered within a reasonable time, if there was no specified time in the written contract for their delivery, were, under the evidence, plainly such that reasonable minds might reach different conclusions upon. We conclude that there was no error committed in the denial of these motions in so far as this ground is concerned.

Appellant's motion for a new trial was also made upon the ground of newly discovered evidence. The denial by the court to grant the motion upon this ground is also claimed as erroneous. There are no affidavits or other evidence embodied in the statement of facts touching this ground of the motion. We therefore cannot know what affidavits or other evidence was before the trial court upon which its decision upon this ground of the motion was rested, so we are unable to say that the court's decision thereon was erroneous. *Kuykendall v. Lambie,* 99 Wash. 366, 169 Pac. 853.

The judgment is affirmed.

MAIN, C. J., MITCHELL, TOLMAN, and FULLERTON, JJ., concur.