[No. 18998.  Department Two.  May 8, 1925.]

H. P. REYNOLDS *et al., Respondents,* v. CHARLES E. MORGAN *et al., Appellants.*[1]

JUDGMENT (54)—NOTWITHSTANDING VERDICT. It is error to grant a judgment notwithstanding a verdict to the contrary, unless there is, as a matter of law, no evidence or reasonable inference to sustain the verdict, and reasonable men could not reach such a conclusion.

Appeal from a judgment of the superior court for Benton county, Truax, J., entered March 26, 1924, in favor of the plaintiffs, notwithstanding the verdict of a jury rendered in favor of the defendants, in an action on a promissory note.  Reversed.

*McGregor & Fristoe,* for appellants.

*C. H. Steffen* and *Andrew Brown,* for respondents.

HOLCOMB, J.—This case was submitted to the jury by the trial judge upon issues arising out of the affirmative answer and defense to a suit upon a promissory note of appellants, upon very appropriate instructions, which were not objected or excepted to by respondents, respondents only objecting and excepting to the submission of the case to the jury at all.  The jury, which was the second jury finding in favor of appellants upon the same issues, made special findings upon the issues of fraud raised by appellants, in their favor.  Notwithstanding the findings of the jury, the court granted judgment notwithstanding the verdict in favor of respondents, upon which this appeal is based.

The right of respondents to recover in this action is based upon the allegation that they are the holders in due course, in good faith and for value of the note sued

[1] Reported in 235 Pac. 800.

upon, without notice of any infirmities. The good faith of the transaction, notice of the fraud, lack of consideration, and failure of consideration, were all put in issue by appellants, and evidence was introduced which went to the jury to sustain the contention of appellants. The jury, besides finding for appellants, specially found that the note was procured from respondents by fraud, of which respondents had notice, or were put upon their inquiry, and that they did not acquire the note for a valuable consideration in due course. There were facts and strong inferences to sustain these special findings.

Since the evidence was conflicting upon the issues involved, and there were facts and circumstances upon which the minds of reasonable men might differ, it cannot be said that there was no evidence nor reasonable inference sustaining the verdict of the jury.

A judgment notwithstanding the verdict, in such a case, should only be granted by the trial court where it can say, as a matter of law, that there is no evidence or reasonable inference sufficient to sustain the verdict, and that reasonable men could not reach such a conclusion upon the evidence. *Brown v. Walla Walla,* 76 Wash. 670, 136 Pac. 1166; *Fisk Rubber Co. v. Pinkey,* 100 Wash. 220, 170 Pac. 581; *Norris-Short Co. v. Everson Mercantile Co.,* 103 Wash. 399, 174 Pac. 645; *McClure v. Wilson,* 109 Wash. 166, 186 Pac. 302, 18 A. L. R. 1421; *Hajduk v. Grays Harbor R. & L. Co.,* 115 Wash. 217, 196 Pac. 625.

Indeed, this case is so closely parallel in the facts and circumstances raised by the issues in the case and by the conduct of the case by the trial court, to that of *Allen v. Landre,* 120 Wash. 171, 206 Pac. 845, that the decision and discussion in that case should be entirely controlling in this. See, also, *Rohweder v. Titus,* 85 Wash. 441, 148 Pac. 583; *First National Bank of*

*Medical Lake v. Wiltzius*, 122 Wash. 637, 211 Pac. 275.

For these reasons, the judgment of the lower court is reversed, and the case remanded with instructions to enter judgment upon the verdict of the jury.

TOLMAN, C. J., FULLERTON, MITCHELL, and MACKINTOSH, JJ., concur.