[No. 33680. Department Two. October 18, 1956.]

N. G. BERKOVITCH, *Respondent,* v. DANIEL LUKETA *et al.,* *Appellants.*[1]

*Evans, McLaren, Lane, Powell & Beeks,* for appellants.

*G. Bradley Dalton,* for respondent.

HILL, J.—This is an action for damages caused by a fire which destroyed nets and other fishing gear stored in the plaintiff's locker in the port of Seattle net shed. The trial court found that the fire started in an adjoining locker (separated from that of the plaintiff by a wire mesh partition) leased by defendant Daniel Luketa, who will be hereinafter referred to as though he were the only defendant; that the fire was caused by the defendant's leaving a 100-watt light globe burning for several hours in close proximity to inflammable materials; and that the defendant "should have and did know that the placing of said light in said place caused an unreasonable hazard of fire to defendant's locker."

[1] Reported in 302 P. (2d) 211.

From a judgment for the plaintiff based upon those findings, the defendant appeals.

The defendant attacks the findings, insisting that there was no preponderance of the evidence to establish that the fire started in his locker, that the light globe was in proximity to anything inflammable, or that the light had been left burning; and, further, that there was no evidence that the defendant knew or should have known that a light left burning and unattended for several hours in such a location would be a hazard.

■ Our examination of the record convinces us that the trial court placed no credence upon the defendant's testimony and accepted as verities his admissions against interest as testified to by Robert T. Timlin, an inspector for the Seattle fire department. This the trial court was entitled to do. *Riblet v. Spokane-Portland Cement Co.* (1954), 45 Wn. (2d) 346, 349, 274 P. (2d) 574, and cases there cited; *Brown & Bros. Mercantile Co. v. Sherrod* (1909), 53 Wash. 132, 134, 101 Pac. 481; *Gosline v. Dryfoos* (1907), 45 Wash. 396, 399, 88 Pac. 634.

With these admissions, there was credible evidence that the light globe was in close proximity to hanging nets on both sides of the wire mesh partition; that the defendant did leave the light burning and unattended for several hours at the place where Timlin testified that the fire started; and that those circumstances caused the fire. That the defendant knew or should have known that it was hazardous to leave a 100-watt light burning unattended for several hours in such a location, is certainly a reasonable inference from the evidence.

■ We have heretofore stated that when reliance is placed upon circumstantial evidence, the facts must be of such a nature and so related to each other that only one conclusion can be fairly or reasonably drawn therefrom. *Arnold v. Sanstol* (1953), 43 Wn. (2d) 94, 99, 260 P. (2d) 327. We are unable to agree with the defendant that the circumstantial evidence offered by the plaintiff as to the cause of the fire does not meet that test.

In that connection, the defendant urges that spontaneous combustion, incendiarism, or the discarding of a lighted cigarette or match might also have been the cause of the fire. Two representatives of the Seattle fire department, on the premises shortly after the fire was discovered, gave no support to the theory of spontaneous combustion; and the defendant's expert, who came on the premises twenty-two days after the fire, would say no more than that weather conditions on the day of the fire (September 30, 1954) would not preclude the possibility of spontaneous combustion. The fire inspector ruled out consideration of the theory of a discarded lighted cigarette or match for the reason that conditions as he found them indicated that the fire had started approximately three feet above the floor. There was no evidence of incendiarism. In any event, the defendant is the only one shown to have been in either the plaintiff's or the defendant's locker on the day of the fire; his liability, therefore, would be no less on either of the latter theories.

Spontaneous combustion, incendiarism, the discarding of a lighted cigarette or match, were possibilities but not probabilities. The theories relating to them are purely conjectural. The evidence does not preponderate against the findings of the trial court.

The case of *Cambro v. Snook* (1953), 43 Wn. (2d) 609, 262 P. (2d) 767, is relied upon by the defendant. In that case, we set aside a judgment for damages caused by a fire, pointing out that

". . . we have nothing more tangible to proceed upon than two conjectural theories. One theory could as reasonably have been adopted as the other."

In *Doss v. Schuller* (1955), 47 Wn. (2d) 520, 529, 288 P. (2d) 475, we distinguished the *Cambro Co.* case, saying:

"Appellants place reliance upon *Cambro Co. v. Snook, supra,* on the issue of causation. In that case, no negligence was established; further, that case did not involve, and the present case clearly does, the problem of passing upon the credibility of expert witnesses whose testimony was in direct conflict as to whether the negligence established was the proximate cause of the damage sustained."

A further distinguishing factor on the issue of causation in the present case lies in the evidence in the *Cambro Co.* case that the plaintiff, as well as the defendants, had in its employ workmen who were on the premises before the fire. Here, the evidence places no one except the defendant at the place where the fire started, at a time which could have had any relation to the cause of the fire.

By legitimate inference from the established facts, the negligence of the defendant has been established as the probable cause of the fire. See *Cambro Co. v. Snook, supra,* p. 614; *Evans v. Yakima Valley Transp. Co.* (1952), 39 Wn. (2d) 841, 846, 239 P. (2d) 336. No other conclusion can be fairly or reasonably drawn therefrom.

The judgment is affirmed.

DONWORTH, C. J., MALLERY, WEAVER, and OTT, JJ., concur.